# WAYNE R. CHERMACK v. K. VALDIMAR BJORNSON AND ANOTHER.*

223 N. W. 2d 659.

November 22, 1974—No. 44730.

*Wayne R. Chermack,* pro se, for appellant.

*Warren Spannaus,* Attorney General, *Jonathan H. Morgan,* Solicitor General, and *Kenneth E. Raschke, Jr.,* Special Assistant Attorney General, for respondents.

Heard before Otis, Peterson, and Scott, JJ., and considered and decided by the court en banc.

PER CURIAM.

This is an appeal from an order of the District Court of Ramsey County dismissing an action "with prejudice" on the basis that the complaint failed to state a claim upon which relief could be granted.

Plaintiff-appellant seeks relief, on appeal, on the basis of errors of law and fact. We affirm.

On June 22, 1973, plaintiff presented to the state treasurer for payment his Minnesota state income tax refund warrant. He demanded that the amount of the refund, $1,035.52, be tendered in gold and silver coin, under Article I, § 10, of the United States Constitution, which provides, in part: "No state shall * * * make

---

* Certiorari denied, 421 U. S. 915, 95 S. Ct. 1573, 43 L. ed. 2d 780 (1975).

anything but gold and silver coin a tender in payment of debts * * *." This demand was not satisfied, and he sought declaratory relief.

The issue before this court is whether or not defendants, the state treasurer and auditor, are constitutionally required to tender payment to plaintiff in gold or silver coin.

Article I, § 10, of the United States Constitution is a constitutional limitation upon the power of the states and not on the powers of Congress. Under Article I, § 8, of the United States Constitution, the power of Congress to establish a uniform legal tender and prohibit all other forms of currency exchange has been long established. In Norman v. Baltimore & Ohio R. Co. 294 U. S. 240, 303, 55 S. Ct. 407, 414, 79 L. ed. 885, 900, 95 A. L. R. 1352, 1366 (1935), the Supreme Court stated:

"* * * The broad and comprehensive national authority over the subjects of revenue, finance, and currency is derived from the aggregate of the powers granted to the Congress, embracing the powers to lay and collect taxes, to borrow money, to regulate commerce with foreign nations and among the several States, to coin money, regulate the value thereof, and of foreign coin, and fix the standards of weights and measures, and the added express power 'to make all laws which shall be necessary and proper for carrying into execution' the other enumerated powers. * * *

"The Constitution 'was designed to provide the same currency, having a uniform legal value in all the States.' It was for that reason that the power to regulate the value of money was conferred upon the Federal government, while the same power, as well as the power to emit bills of credit, was withdrawn from the States. The States cannot declare what shall be money, or regulate its value. Whatever power there is over the currency is vested in the Congress." (Italics supplied.)

Congress provided in 31 USCA, § 463, in part, that:

"Every provision contained in or made with respect to any

obligation which purports to give the obligee a right to require payment in gold or a particular kind of coin or currency, or in an amount in money of the United States measured thereby, is declared to be against public policy; and no such provision shall be contained in or made with respect to any obligation hereafter incurred. Every obligation, heretofore or hereafter incurred, whether or not any such provision is contained therein or made with respect thereto, shall be discharged upon payment, dollar for dollar, in any coin or currency which at the time of payment is legal tender for public and private debts."

The courts have consistently held that the Constitution leaves the power to declare what shall be legal tender for the payment of all debts to Congress. The mere utilization of a standard of legal tender prescribed by Congress is not state action as prohibited by U. S. Const., Art. I, § 10, but rather an effectuation of validly exercised constitutional power of Congress under U. S. Const., Art. I, § 8. The defendants, therefore, have acted in accordance with the Constitution, the Federal law, and public policy. The trial court was correct in dismissing this action with prejudice on the grounds that the complaint failed to state a claim upon which relief could be granted.

Affirmed.