**Roger M. RUSH**

v.

**CASCO BANK & TRUST COMPANY.**

Supreme Judicial Court of Maine.

Nov. 20, 1975.

Roger M. Rush, pro se.

Thompson, Willard & McNaboe by U. Charles Remmel, II, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

PER CURIAM.

This case is before us on appeal by the plaintiff Roger M. Rush from a Superior Court judgment dismissing his complaint against defendant Casco Bank & Trust Company for failure to state a claim upon which relief can be granted.

We deny the appeal.

We construe the first three counts of plaintiff's four count complaint to allege (1) unenforceability of the so-called "Money Manager Agreement" executed by plaintiff and defendant on the ground that its call for payment in "dollars" is impossible of performance, and (2) illegality of defendant's use of Federal Reserve notes to discharge the obligation to pay "dollars" imposed upon it by the "Money Manager Agreement."

The theoretical underpinning of the first three counts of the complaint is plaintiff's reliance on the definition of a "dollar" in 31 U.S.C. § 444 as "a number of grains of gold, nine-tenths fine . . . ." From this premise plaintiff argues: (1) "dollars", as *gold,* are now unavailable and, therefore, the "Money Manager Agreement" is unenforceable because the performance it requires is now impossible; and (2) by using Federal Reserve notes defendant did not succeed in discharging its obligation to pay "dollars" because Federal Reserve notes are not "dollars" within the definition of 31 U.S.C. § 444.

Plaintiff's position is specious. By 31 U.S.C. § 463 federal law outlawed agreements requiring payment in a particular kind of coin and provided that every obligation calling for payment in money shall be discharged by whatever may be "legal tender" at the time of payment. The instant Agreement is thus capable of legal performance. Moreover, by virtue of 31 U.S.C. § 462 Federal Reserve notes have been "legal tender" since 1933 and, therefore, the defendant lawfully discharged its obligation under the Money Manager Agreement by the use of Federal Reserve notes.

Seeking to advance his cause plaintiff attacks the constitutionality of 31 U.S.C. § 462. The undertaking fails. Although plaintiff is correct in stating that Article I, Section 10 of the Federal Constitution denies the States the right to make into "legal tender" anything but gold and silver coin, plaintiff gains nothing from this for present purposes. 31 U.S.C. § 462 was enacted by the United States Congress which is free of the constitutional restriction imposed upon the States.

In the fourth count of the complaint plaintiff challenges provisions of the Money Manager Agreement authorizing defendant bank to make charges against funds on deposit in plaintiff's checking ac-

count. Plaintiff claims that at least some of the funds in that account derived from veterans' disability compensation payments made to him, and these are exempt, under 38 U.S.C. § 3101, from the kinds of charges purportedly authorized by the Money Manager Agreement. We affirm the presiding Justice's dismissal of the fourth count of the complaint because it failed to allege that defendant had in fact made any charges against the funds in plaintiff's account.[1]

The entry is:

Appeal denied.

All Justices concurring.

---

1. We have not decided, and intimate no opinion upon, the claim asserted in the brief of defendant that by entering into the general type of agreement which the instant "Money Manager" agreement is, defendant "waived" the exemption from creditors' claims conferred as to veterans' benefits by 38 U.S.C. § 3101.