Richard KAUFFMAN, Pastor/Trustee,
Plaintiff-Appellant,

v.

CITIZENS STATE BANK OF LOYAL; Vernon W. Loos, individually and as Chairman of the Board; Harvey Brussow, individually and as Director; George F. Zuehlke, individually and as Director; and William W. Schwantes, individually and as Director, Defendants-Respondents. [Case No. 80–824.]

Richard KAUFFMAN, Pastor/Trustee,
Plaintiff-Appellant,

v.

SPENCER STATE BANK; Olaf Manthe individually and as President; Orville Syring, individually and as Vice-President; and Louis Worchel, individually and as Assistant Cashier, Defendants-Respondents. [Case No. 80–825.]

Richard KAUFFMAN, Pastor/Trustee,
Plaintiff-Appellant,

v.

Alex SWIDERSKI, individually and as owner of Swiderski
Implement, Inc.; and Tom Kutise, individually, and
as Sperry New Holland Branch Credit Representa-
tive, Defendants-Respondents.  [Case No. 80–826.]

Court of Appeals

*Nos. 80–824, 80–825, 80–828. Submitted on briefs March 19, 1981.—
Decided May 26, 1981.*
(Also reported in 307 N.W.2d 325.)

For the plaintiff-appellant the cause was submitted on
the brief of *Richard Kauffman, pro se,* of Loyal.

For the defendants-respondents Citizens State Bank
of Loyal and Spencer State Bank the cause was sub-
mitted on the brief of *Donald R. Hoerl* and *Associated
Attorneys, S.C.,* of Marshfield.

For the defendants-respondents Alex Swiderski et al.
the cause was submitted on the brief of *James Kurth*
and *Jerome A. Maeder, S.C.* of Wausau.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J.  Richard Kauffman, pastor and trus-
tee of the Life Science Church of Loyal, has appealed

from orders dismissing his complaints for judgments declaring that certain notes and a contract are void, and for damages. The appeals have been consolidated. The ultimate issue is whether, as we hold is the case, federal reserve notes are lawful money in this state.

The promissory notes sought to be voided consist of one for $24,616 payable to Citizens State Bank of Loyal and three totaling $138,000 payable to Spencer State Bank, all by the church by Pastor Kauffman.[1] The contract was entered with Alex Swiderski Impl., Inc. and requires total installment payments of $18,099 by Pastor Kauffman. The banks, Swiderski and their officers are defendants. Pastor Kauffman alleges that he executed the notes and the contract but the "dollars" he received under the notes and must repay under the notes and contract are not legal tender. He alleges that to pay "dollars" is a criminal act under the laws of this state. He asserts that defendants' demands for repayment in "irredeemable paper 'money' " constitute numerous wrongs against him, including entrapment and conspiracy to make him commit crimes, for which he demands damages.

Spencer State Bank and Swiderski moved to dismiss the complaints for failure to state claims upon which relief can be granted. The Citizens State Bank action was tried to the court on a brief record. The court ordered the complaints dismissed for failure to state claims.

Appellant contends that the United States Constitution prohibits the state from making anything but gold and silver coin a lawful tender to pay debts. He contends that this state, by sec. 134.15(1), Stats., has made it a crime to pass paper money unless it is "expressly authorized by some positive law of the United States or of some state of the United States . . . and [is] redeemable in lawful money of the United States, or cur-

---

[1] The complaints assume that Pastor Kauffman is personally liable on the notes.

rent gold or silver coin. . . ."[2] Congressional Joint Resolution 192, dated June 5, 1933, now 31 U.S.C. sec. 463, suspended the gold standard in the United States and the right of the obligee of a debt to require payment in gold.[3] Congress made federal reserve notes

[2] Section 134.15, Stats., provides:

(1) Any person who shall knowingly issue, pay out or pass, and any body corporate, or any officer, stockholder, director or agent thereof who shall issue, pay out or pass, or receive in this state, as money or as an equivalent for money, any promissory note, draft, order, bill of exchange, certificate of deposit or other paper of any form whatever in the similitude of bank paper, circulating as money or banking currency, that is not at the time of such issuing, paying out, passing or receiving expressly authorized by some positive law of the United States or of some state of the United States or of any other country, and redeemable in lawful money of the United States, or current gold or silver coin at the place where it purports to have been issued, such person shall be punished by imprisonment in the county jail not more than 6 months or by fine not exceeding $100, and such body corporate shall forfeit all its rights, privileges and franchises and shall also forfeit to the state and pay for each offense the sum of $500.

(2) All contracts of any kind whatever the consideration of which, in whole or in part, shall consist of any such paper as is prohibited in sub. (1) and all payments made in such unauthorized paper shall be null and void.

[3] 31 U.S.C. sec. 463 provides:

(a) Every provision contained in or made with respect to any obligation which purports to give the obligee a right to require payment in gold or a particular kind of coin or currency, or in an amount in money of the United States measured thereby, is declared to be against public policy; and no such provision shall be contained in or made with respect to any obligation hereafter incurred. Every obligation, heretofore or hereafter incurred, whether or not any such provision is contained therein or made with respect thereto, shall be discharged upon payment, dollar for dollar, in any coin or currency which at the time of payment is legal tender for public and private debts. Any such provision contained in any law authorizing obligations to be issued by or under authority of the United States, is hereby repealed, but the repeal of such provision shall not invalidate any other provision or authority contained in such law.

legal tender for all debts, public and private, 31 U.S.C. sec. 392. Conceding that Congress may make federal reserve notes legal tender in transactions involving the federal government, appellant contends that only gold and silver coin, or currency redeemable in such, is lawful as between private persons under this state's laws and the United States Constitution.

Article I, sec. 10 of the United States Constitution, provides in relevant part, "No state shall . . . make any thing but gold and silver coin a tender in payment of debts." Article I, sec. 10 prohibits the states from declaring legal tender anything other than gold or silver, but does not limit Congress' power to declare what shall be legal tender for all debts. *Julliard v. Greenman,* 110 U.S. 421, 446–50 (1884). *See also United States v. Rifen,* 577 F.2d 1111, 1113 (8th Cir. 1978); *Chermack v. Bjornson,* 302 Minn. 213, 223 N.W.2d 659 (1974), *cert. denied* 421 U.S. 915 (1975).

As stated in *Norman v. Baltimore & O. R. Co.,* 294 U.S. 240, 303 (1935), because the constitution was designed to provide the same currency having a uniform value in all of the states:

[T]he power to regulate the value of money was conferred upon the Federal government, while the same

(b) As used in [this section], the term "obligation" means an obligation (including every obligation of and to the United States, excepting currency) payable in money of the United States; and the term "coin or currency" means coin or currency of the United States, including Federal Reserve notes and circulating notes of Federal Reserve banks and national banking associations.

We note that the Act of October 28, 1977, P.L. 95–147, sec. 4(c), 91 Stat. 1229, provides: "The joint resolution entitled 'Joint resolution to assure uniform value to the coins and currencies of the United States', approved June 5, 1933 (31 U.S.C. 463), shall not apply to obligations issued on or after the date of enactment of this section." The effect, if any, of this provision on appellant's obligations has not been briefed. We express no opinion as to its effect.

power . . . was withdrawn from the States. The States *cannot declare what shall be money*, or regulate its value. Whatever power there is over the currency is vested in the Congress. (Emphasis added.)

Congress has declared that federal reserve notes are legal tender for all debts, public and private. 31 U.S.C. sec. 392.[4] That section is well within the constitutional authority of Congress. *United States v. Wangrud*, 533 F.2d 495, 495–96 (9th Cir.), *cert. denied* 429 U.S. 818 (1976).

Federal reserve notes are legal tender in Wisconsin, not by any law of this state, but because Congress has made them legal tender throughout these United States.[5] Wisconsin has made no effort to declare that federal reserve notes are or are not, in the words of art. I, sec. 10 of the United States Constitution, a "tender in payment of debts."

Section 134.15(1), Stats., does not make the passing of federal reserve notes a crime in this state. That statute makes criminal the passing of something "as money or as an equivalent for money," unless it is, among other things, "redeemable in lawful money of the United States, or current gold or silver coin." Because 31 U.S.C. sec. 392 makes federal reserve notes legal tender, they *are* money for purposes of sec. 134.15(1) and are not passed as money or as an equivalent for money.[6]

---

[4] 31 U.S.C. sec. 392 provides:

All coins and currencies of the United States (including Federal Reserve notes and circulating notes of Federal Reserve banks and national banking associations), regardless of when coined or issued, shall be legal tender for all debts, public and private, public charges, taxes, duties, and dues.

[5] Other states presented with this issue have concluded similarly. *See, e.g., Radue v. Zanaty*, 293 Ala. 585, 308 So.2d 242, 244 (1975); *Allen v. Craig*, 1 Kan. App. 301, 564 P.2d 552, 556 (1977); *Chermack v. Bjornson*, 302 Minn. 213, 223 N.W.2d 659, 661 (1974).

[6] Plaintiff's theory of law is not completely consistent with his demands that defendants pay him substantial damages "in 'STAN-

*By the Court.*—Orders dismissing complaints affirmed.

DARD DOLLARS LAWFUL MONEY' (Tendering in Federal Reserve Notes accepted under duress)."