**Gordon W. EPPERLY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 6590.**

Court of Appeals of Alaska.

July 30, 1982.

Gordon W. Epperly, pro se.

Patrick J. Gullufsen, Dist. Atty., and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

OPINION

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

SINGLETON, Judge.

■ Epperly was cited, tried, and convicted for operating a motor vehicle with an expired registration in violation of AS 28.-10.105(a). He requested a jury trial, but the trial court denied the request on the assumption that a violation of AS 28.10.-105(a) was an infraction and not a misdemeanor. Epperly appeals this determination and the state concedes error, reasoning that AS 28.10.105(a) and the other registration statutes *in pari materia* do not specify a violation of the registration statutes as an infraction, and thus under AS 28.35.230 such a violation is a misdemeanor punishable by up to ninety days' imprisonment. Consequently, the state concedes that under *Baker v. City of Fairbanks*, 471 P.2d 386 (Alaska 1970), Epperly was entitled to a jury trial and the denial of this right is prejudicial error, requiring a new trial. We agree and reverse. *See Marks v. State*, 496 P.2d 66 (Alaska 1972). It is, therefore, not necessary for us to determine whether the district court has jurisdiction to try infractions.

Epperly also contends that imposition of a fine imposes an impossible task upon him. He reasons that article I, section 10, clause 1 of the United States Constitution precludes a state from making anything but gold or silver legal tender. Nevertheless, Epperly notes that gold and silver coins are not readily available, and to the extent the state accepts federal reserve notes or other current United States coins or bills, Epperly argues that it violates article 1, section 10. Consequently, he concludes he is unable to pay a fine without violating article 1, section 10 of the United States Constitution. Our reversal of Epperly's conviction and remand of his case for retrial moots the question of any fine levied against him. Nevertheless, the issue may arise again and can best be addressed at this time.

As the Minnesota Supreme Court concluded in *Chermack v. Bjornson*, 302 Minn. 213, 223 N.W.2d 659, 660–61 (1974), *cert. denied*, 421 U.S. 915, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975):

Article 1, § 10 of the United States Constitution is a constitutional limitation upon the power of the states and not on the powers of Congress. Under Article 1, § 8, of the United States Constitution, the power of Congress to establish a uniform legal tender and prohibit all other forms of currency exchange has been long established. In *Norman v. Baltimore & Ohio R. Co.*, 294 U.S. 240, 303, 55 S.Ct. 407, 414, 79 L.Ed. 885, 900, 95 A.L.R. 1352, 1366 (1935), the Supreme Court stated:

" * * * The broad and comprehensive national authority over the subjects of revenue, finance, and currency is derived from the aggregate of the powers granted to the Congress, embracing the powers to lay and collect taxes, to borrow money, to regulate commerce with foreign nations and among the several States, to coin money, regulate the value thereof, and of foreign coin, and fix the standards of weight and measures, and the added express power to 'make all laws which shall be necessary and proper for carrying and execution' the other enumerated powers. * * * "

"The Constitution '*was designed to provide the same currency, having a uniform legal value in all the States.*' It was for that reason that the power to regulate the value of money was conferred upon the Federal government, while the same power, as well as the power to emit bills of credit, was withdrawn from the States. The States cannot declare what shall be money, or regulate its value. Whatever power there is over the currency is vested in the Congress." [Emphasis added in *Chermack*, not in *Norman*.]

Congress provided in 31 U.S.C.A. § 463, in part, that:

"Every provision contained in or made with respect to any obligation which purports to give the obligee a right to require payment in gold or a particular kind of coin or currency, or in an amount in money of the United States measured thereby, is declared to be against public policy; and no such provision shall be contained in or made with respect to any obligation hereafter incurred. Every obligation, heretofore or hereafter incurred, whether or not any such provision is contained therein or made with respect thereto, shall be discharged upon payment, dollar for dollar, in any coin or currency which at the time of payment is legal tender for public and private debts."

▪ We are in agreement with the *Chermack* court's conclusions based upon the foregoing authorities:

The courts have consistently held that the Constitution leaves the power to declare what shall be legal tender for the payment of all debts to Congress. The mere utilization of a standard of legal tender prescribed by Congress is not state action as prohibited by U.S.Const., Art. 1, § 10, but rather an effectuation of validly exercised constitutional power of Congress under U.S.Const., Art. 1, § 8 . . . .

223 N.W.2d at 661. We conclude that the state may, without violating article 1, section 10 of the United States Constitution, require those subject to fines to pay those fines, and by extension registration fees, in federal reserve notes or coinage authorized as such by the United States Congress. *Accord Rush v. Casco Bank and Trust Co.*, 348 A.2d 237 (Me.1975); *Leitch v. State, Department of Revenue*, 519 P.2d 1045 (Or. App.1974).

The decision of the district court is REVERSED and this case is REMANDED for further proceedings consistent herewith.