Kenneth P. LOWRY, Appellant,

v.

STATE of Alaska, Appellee.

Nos. 6328, 6434.

Court of Appeals of Alaska.

Dec. 10, 1982.

---

Kenneth P. Lowry, pro se.

James L. Hanley, Asst. Dist. Atty., Thomas Wardell, Dist. Atty., Kenai, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Kenneth P. Lowry was convicted of two counts of driving a motor vehicle without a valid license, AS 28.15.011, and two counts of driving an unregistered vehicle, AS 28.-10.471. The trial court imposed a total sentence of twenty days' imprisonment and a $100 fine (consecutive fines of twenty-five dollars on each count and consecutive sentences of five days on each count), all of which was suspended on the condition that Lowry obtain vehicle registration and a valid driver's license within fifteen days of his sentence and have no similar violations for a period of one year. The maximum penalty for each count in question is a $500 fine and ninety days' imprisonment. AS 28.35.-230(b). Lowry appealed his conviction to the superior court where it was affirmed. Thereafter, Lowry was cited for driving without a license, a hearing was held, his violation was established, and the previously suspended sentence was imposed. Lowry did not appeal that decision but filed a motion for post-conviction relief pursuant to Alaska Rule of Criminal Procedure 35(c). That motion was denied and Lowry appeals that denial to this court.

First, Lowry contends that execution of a sentence cannot be suspended for a period in excess of ninety days, the maximum possible sentence which could be imposed for the offenses for which he was convicted.

He also argues that he cannot constitutionally be required to pay a fine, obtain a driver's license, or register a vehicle in light of article I, section 10, clause 1 of the United States Constitution. We reject both of Lowry's arguments and affirm the decision of the trial court.

Lowry's first claim is controlled by *Tiedeman v. State,* 576 P.2d 114, 116–17 (Alaska 1978). A sentencing judge who suspends the imposition of sentence may not impose a period of probation in excess of the maximum sentence that could be imposed for the offense. *See* AS 12.55.-085(a). Where, however, the court imposes sentence but suspends execution as is the case here, the period of probation may be as long as five years. The five-year maximum period applies even though the conviction is for a misdemeanor. *See* AS 12.55.090(c). Consequently, the sentence imposed in this case complied with law. *See Tiedeman,* 576 P.2d at 116 n. 11.

Secondly, Lowry contends that imposition of a fine and probation conditions requiring him to pay the fees necessary to obtain a motor vehicle license and register his vehicle imposes an impossible task upon him. He reasons that article I, section 10, clause 1 of the United States Constitution precludes a state from making anything but gold or silver legal tender. Nevertheless, the United States Congress has by legislation recalled all gold coins and while silver coins exist, they are not readily available. To the extent that the state accepts federal reserve notes or other current United States coins or bills in payment of fines or registration fees, Lowry contends the state violates article I, section 10. Consequently, he concludes he is unable to pay a fine without becoming an accomplice to a violation of article I, section 10 of the United States Constitution.

Lowry misperceives the function of article I, section 10. It operates as a limitation on the state's power but not the United States Congress' power to determine legal tender. Article I, section 8 of the United States Constitution clearly gives the United States Congress the power to make anything it wishes legal tender. Congress is not limited to gold or silver coins. *Epperly v. State,* 648 P.2d 609 (Alaska App.1982).

*Hagar v. Reclamation Dist. No. 108,* 111 U.S. 701, 707, 4 S.Ct. 663, 666, 28 L.Ed. 569, 571 (1884), is not contrary. *Hagar* relied on *Lane County v. Oregon,* 7 Wall. 71, 74 U.S. 71, 19 L.Ed. 101 (1868), for the proposition that at the time with which it was concerned, Congress had not made United States treasury notes legal tender for the payment of state taxes. Federal law has been amended in the interim.[1]

The decision of the district court is AFFIRMED.

---

1. 31 U.S.C. § 392 (1976) provides:

   All coins and currencies of the United States (including Federal Reserve notes and circulating notes of Federal Reserve banks and national banking associations), regardless of when coined or issued, shall be legal tender for all debts, public and private, public charges, taxes, duties, and dues.