Dennis V. Tobolski, Esq. County Attorney, Cattaraugus County
You informed us that a taxpayer has taken the position that payment of taxes in any form other than gold and silver coin violates Article I, § 10, cl 1 of the United States Constitution. You ask whether a county may accept Federal reserve notes in payment of county taxes.
Article I, § 10, cl 1 provides: "No State shall * * * make any Thing but gold and silver Coin a Tender in Payment of Debts * * *." This provision prohibits states from declaring legal tender anything other than gold and silver but does not limit Congress' power to declare what shall be legal tender for all debts (Juilliard v Greenman, 110 U.S. 421, 446
[1884]; United States v Rifen, 577 F.2d 1111 [8th Cir, 1978]; Chermack vBjornson, 223 N.W.2d 659 [S Ct, Minn, 1974] cert den 421 U.S. 915
[1975]). Nor does it preclude a state from requiring that payment of a debt be made in any form of tender authorized by the Federal government (Chermack, supra; Richardson v Richardson, 332 N.W.2d 524 [Mich App, 1983]; City of Colton v Corbly, 323 N.W.2d 138 [S Ct, SD 1982]; Leitch vState Department of Revenue, 519 P.2d 1045 [Or App, 1974]).
Under its power to borrow money on the credit of the United States, and to issue circulating notes for the money borrowed, Congress is authorized to establish a national currency, either in coin or in paper, and to make that currency lawful money for all purposes, as regards the government or private individuals (Juilliard v Greenman, supra, at 448). Congress has, in fact, declared what constitutes legal tender in addition to gold and silver coin. 31 U.S.C. § 5103, entitled "Legal tender", provides:
 "United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues * * *." (Emphasis supplied.)
Federal reserve notes are on an equal basis with other currency, including coins, and constitute legal tender for payment of taxes and debts (31 U.S.C. § 5103; United States v Schmitz, 542 F.2d 782 [9th Cir, 1976], cert den 429 U.S. 1105 [1977]; United States v Benson,592 F.2d 257 [5th Cir, 1979]; State v Gasser, 306 N.W.2d 205 [S Ct, ND, 1981]). Thus, a requirement by a state that taxes and debts be paid with Federal reserve notes does not violate the prohibition of Article I, § 10, cl 1 of the United States Constitution.
We conclude that a county may accept Federal reserve notes in payment of county taxes.