**Joseph A. MAY, Appellant,**

v.

**Treasurer of Missouri, Wendell BAILEY, Respondent.**

**No. WD 36101.**

Missouri Court of Appeals, Western District.

May 21, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied July 2, 1985.

Application to Transfer Denied Aug. 7, 1985.

Joseph A. May, pro se.

William L. Webster, Atty. Gen., Paul M. Spinden, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and SHANGLER and SOMERVILLE, JJ.

**SOMERVILLE, Judge.**

Joseph A. May (hereinafter May), plaintiff below, has appealed from a summary judgment rendered in favor of the Treasurer of Missouri, Wendell Bailey (hereinafter State Treasurer),[1] defendant below, in an action for declaratory judgment. May appeared pro se both below and on appeal.

The underlying facts which prompted May to file the declaratory judgment action are not in dispute. May, a licensed dentist, performed dental services for social welfare patients under the Medicaid program. Checks were issued by the State Treasurer, drawn upon a State account in the Central Trust Bank in Jefferson City, Missouri, and delivered to May in payment of his services.

When May presented the checks to the Central Trust Bank for payment, he refused to accept payment in Federal Reserve Notes and demanded payment in silver coins of the United States. The Central Trust Bank refused to honor May's demand to be paid in silver coins of the United States. May then made a demand upon the State Treasurer for payment of his services in silver coins of the United States. The State Treasurer, likewise, refused to honor May's demand.

May responded by filing a petition for declaratory judgment in the Circuit Court of Cole County praying for a declaration that he had an absolute right under § 408.-010, RSMo 1978,[2] and U.S. Const. Art. I, § 10 [3] to receive payment in silver coins of the United States.

In rendering summary judgment in favor of the State Treasurer and against May the trial court specifically recited in the formal judgment entered that it is "the finding of

1. On appeal, Wendell Bailey, pursuant to Rule 52.13(d), was substituted for Mel Carnahan as Treasurer of Missouri.

2. Section 408.010, RSMo 1978, reads as follows: "The silver coins of the United States are hereby declared *a* legal tender, at their par value, fixed by the laws of the United States, and shall be receivable in payment of all debts, public or private, hereafter contracted in the state of Missouri; provided, however,

that no person shall have the right to pay, upon any one debt, dimes and half dimes to an amount exceeding ten dollars, or of twenty and twenty-five cent pieces exceeding twenty dollars." (emphasis added)

3. May relies on that part of U.S. Const. Art. I, § 10 which reads as follows: "No state shall ... make any thing but gold and silver coin a tender in payment of debts...."

this Court that Article VI of the United States Constitution [4] binds the State of Missouri to follow the dictates of 31 U.S.C. § 5103 (1983) [5] which makes all coins and currencies of the United States declared such by Congress to be legal tender."

Philosophically, May is obviously a dedicated advocate of "hard" money versus "soft" money. Although not expressed in so many words, he sincerely believes that 31 U.S.C. § 5103, supra, making Federal Reserve Notes legal tender, is a congressional blueprint for economic doom. May staunchly contends that U.S. Const. Art. I, § 10, supra, exclusively authorized the respective states to declare or establish what constitutes legal tender, and therefore § 408.010, RSMo 1978, supra, takes precedence over 31 U.S.C. § 5103, supra. Disposition of the issues on appeal is governed by certain provisions of the Constitution of the United States and apposite decisions of the Supreme Court of the United States, which this court is bound to follow, and various philosophical arguments which have been broached will not be indulged.

In the landmark case of *McCulloch v. Maryland,* 17 U.S. (4 Wheat.) 316, 426, 4 L.Ed. 579 (1819), Chief Justice Marshall, with perspicacity and clarity, wrote that the "great principle is, that the constitution and the laws made in pursuance thereof are supreme; that they control the constitution and laws of the respective states, and cannot be controlled by them." Chief Justice Marshall further wrote, with infinite wisdom, that whether a power was delegated to the Congress of the United States by U.S. Const. Art. I, § 8 depended "on a fair construction of the whole instrument": "Even the 10th Amendment, which was framed for the purpose of quieting the excessive jealousies which had been excited, omits the word 'expressly,' and declares

only, that the powers 'not delegated to the United States, nor prohibited to the states, are reserved to the states or to the people;' thus leaving the question, whether the particular power which may become the subject of contest, has been delegated to the one government, or prohibited to the other, to depend on a fair construction of the whole instrument. The men who drew and adopted this amendment had experienced the embarrassments resulting from the insertion of this word in the articles of confederation, and probably omitted it, to avoid those embarrassments." *McCulloch v. Maryland,* 17 U.S. (4 Wheat.) at 406–07.

If Congress was delegated power under U.S. Const. Art. I, § 8 to establish a national currency "either in coin or in paper" then under the supremacy clause of the Constitution of the United States (U.S. Const. Art. VI—See also *McCulloch v. Maryland,* supra) § 408.010, RSMo 1978, supra, relied on by May, must yield to 31 U.S.C. § 5103, supra, establishing Federal Reserve Notes, as well as United States coins, as legal tender. *Juilliard v. Greenman* (descriptively referred to as "The Legal-Tender Cases"), 110 U.S. 421, 448, 4 S.Ct. 122, 130, 28 L.Ed. 204 (1884), lays to rest any doubt that Congress was constitutionally delegated the power to do so and that 31 U.S.C. § 5103, supra, prevails: "Under the power to borrow money on the credit of the United States, [U.S. Const. Art. I, § 8, clause 2], and to issue circulating notes for the money borrowed, its [Congress'] power to define the quality and force of those notes as currency is as broad as the like power over a metallic currency under the power to coin money and to regulate the value thereof [U.S. Const. Art. I, § 8, clause 5]. Under the two powers, taken together, congress is authorized to establish a national currency, either in coin

4. U.S. Const. Art. VI, insofar as here pertinent, reads as follows: "This constitution and the laws of the United States which shall be made in pursuance thereof ... shall be the supreme law of the land; and the judges in every state shall be bound thereby; any thing in the constitution or laws of any state to the contrary notwithstanding."

5. 31 U.S.C. § 5103 (1983) reads as follows: "United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues. Foreign gold or silver coins are not legal tender for debts."

or in paper, and to make that currency lawful money for all purposes, as regards the national government or private individuals." See also *Norman v. Baltimore & O.R. Co.*, 294 U.S. 240, 303, 55 S.Ct. 407, 414, 79 L.Ed. 885 (1935): "The Constitution 'was designed to provide the same currency, having a uniform legal value in all the States.' It was for that reason that the power to regulate the value of money was conferred upon the federal government, while the same power, as well as the power to emit bills of credit, was withdrawn from the states. The states cannot declare what shall be money, or regulate its value."

May's reliance upon § 408.010, RSMo 1978, supra, as enunciation of a legislative intent to declare silver coins as exclusive legal tender in this state is patently misplaced. For support of his position, May turns to U.S. Const. Art. I, § 10, supra, which provides, in part, that "[n]o state shall ... make any thing but gold and silver coin a tender in payment of debts...." Although U.S. Const. Art. I, § 10 prohibits the states from declaring anything other than gold or silver legal tender, it does not limit the power of Congress to declare what shall be legal tender for all debts. *Juilliard v. Greenman,* supra; *United States v. Rifen,* 577 F.2d 1111 (8th Cir.1978); and *Chermack v. Bjornson,* 302 Minn. 213, 223 N.W.2d 659 (1974), *cert. den.,* 421 U.S. 915, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975). James Madison, as quoted in Watson, the Constitution of the United States (1910), p. 765, wrote in 1831 that " '[t]he evil which produced the prohibitory clause in the Constitution of the United States, was the practice of the states in making bills of credit, and in some instances appraised property, "a legal tender." ' "

The clear and unambiguous language employed in § 408.010, RSMo 1978, supra, in and of itself, rejects the exclusiveness read into it by May—"[t]he silver coins of the United States are hereby declared *a* legal tender...." (emphasis added) Facially, § 408.010, RSMo 1978, supra, does not purport to declare silver coins the exclusive form of legal tender in this state. Read in its entirety, the legislative purpose sought to be achieved by its enactment appears to have been to alleviate burdening the channels of commerce and the marketplace from having debts in excess of certain amounts satisfied in toto by tendering silver coins of small denomination.

Before closing, two motions taken with the case must be disposed of—a motion by the State Treasurer to dismiss the appeal on grounds of lack of jurisdiction and a motion by the State Treasurer to assess damages against May on grounds of a frivolous appeal (Rule 84.19). The motion of the State Treasurer to dismiss for lack of jurisdiction is denied. Mo. Const. Art. V, § 3. See also *State ex rel. Union Electric Company v. Public Service Commission,* 687 S.W.2d 162, handed down by the Supreme Court of Missouri on February 26, 1985. The motion of the State Treasurer to assess damages against May on grounds of a frivolous appeal is also denied.

Judgment affirmed.

All concur.