STATE of Wisconsin, Plaintiff-Respondent,

v.

Rose M. OLEXA, Defendant-Appellant.

Court of Appeals

*No. 86–0611–CR. Submitted on briefs November 26, 1986.—
Decided January 21, 1987.*

(Also reported in 402 N.W.2d 733.)

476

For the defendant-appellant, the cause was submitted on the briefs of *Rose M. Olexa*, pro se.

For the plaintiff-respondent, the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *Mary Batt,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. Rose M. Olexa (Olexa) appeals from a judgment of conviction on two counts of failure to file an individual state income tax return, pursuant to sec. 71.11(41), Stats. (1983–84). Upon appeal, Olexa challenges the subject matter and personal jurisdiction of the trial court, the trial court's

refusal to permit an unlicensed person to serve as her counsel, the impartiality of the trial judge and the jury, certain of the jury instructions and the sufficiency of the evidence. We reject all of Olexa's arguments. Therefore, we affirm the judgment.

## JURISDICTION

Olexa challenges both the subject matter and personal jurisdiction of the trial court. She contends that she is a sovereign and has rescinded all contracts with the state and federal governments. She also characterizes the trial court as an admiralty court with no authority over her. We reject these arguments.

■

A court has subject matter jurisdiction if it has the power to hear the kind of action brought. *Burmeister v. Vondrachek*, 86 Wis. 2d 650, 661, 273 N.W.2d 242, 247 (1979). Circuit courts in Wisconsin are courts of general jurisdiction and have original subject matter jurisdiction over civil and criminal matters not excepted in the constitution or prohibited by law. *Mack v. State*, 93 Wis. 2d 287, 294, 286 N.W.2d 563, 566 (1980); sec. 753.03, Stats. In this case, the criminal complaint against Olexa alleged a violation of sec. 71.11(41), Stats. (1983–84), and set forth facts in support of the allegation. Such an action is within the subject matter jurisdiction of a circuit court and is not excepted by the constitution or other law. Therefore, the trial court had subject matter jurisdiction to hear the action.

■

The trial court also had personal jurisdiction over Olexa. Personal jurisdiction assures that the defend-

ant has a sufficient relationship to the jurisdiction exercising authority and that the defendant has notice of the charges. *State v. Smith*, 131 Wis. 2d 220, 239, 388 N.W.2d 601, 609 (1986). The alleged crime took place in Wisconsin, thereby subjecting Olexa to state prosecution. Section 939.03(1)(a), Stats. The action was commenced pursuant to the methods prescribed by sec. 967.05(1), Stats.[1] Therefore, all the requisites of personal jurisdiction were satisfied.[2]

We also reject Olexa's argument that her claimed rescission of all contracts with the state and federal governments immunizes her from jurisdictional prerequisites. We know of no law, and Olexa cites none, which permits persons to unilaterally exempt themselves from governmental authority generally and jurisdictional requirements specifically.

---

[1]Section 967.05(1), Stats., provides:

A prosecution may be commenced by the filing of:

(a)  A complaint;
(b)  In the case of a corporation, an information;
(c)  An indictment.

[2]*State v. Smith*, 131 Wis. 2d 220, 240–41, 388 N.W.2d 601, 610 (1986), holds that jurisdictional defects do not serve a substantive fourth amendment function and that defects in personal jurisdiction do not deprive a court of personal jurisdiction over a defendant. Indeed, *Smith* suggests that personal jurisdiction now depends only on the defendant's physical presence before the court on an accusatory pleading, no matter how such physical presence was obtained. *Id.* at 239, 388 N.W.2d at 609. While *Smith* holds that an insufficient complaint still defeats the jurisdiction of a court over a defendant, it remains to be seen what effect other kinds of defects in personal jurisdiction will bring.

## CHOICE OF COUNSEL

Olexa next argues that she was denied due process because the trial court denied her choice of counsel. Although Olexa was represented at trial by an attorney, she alleges error in the trial court rulings prior to trial which denied her request to be represented by a person not licensed to practice law in Wisconsin.

■ Only a member of the Wisconsin bar or someone accompanied by a member of the bar may appear on behalf of another in state courts. *State v. Kasuboski*, 87 Wis. 2d 407, 421, 275 N.W.2d 101, 107 (Ct. App. 1978). It is unlawful for anyone not licensed to practice law in Wisconsin to appear for, or on behalf of, another person in a court of this state. *Id.* at 421–22, 275 N.W.2d at 107–08. Thus, no due process right of Olexa was violated.

## IMPARTIAL JUDGE AND JURY

Olexa next argues that she was denied an impartial judge because judicial salaries are determined by the executive branch of government. We disagree.

■ We fail to see how the state's control over judicial salaries constitutes a "significant financial or personal interest" in the outcome of the prosecution. *See* sec. 757.19(2)(f), Stats. A judge is not disqualified from hearing a matter merely because of his or her status as a taxpayer. *Id.* Olexa has not shown the "pecuniary and real" interest of the trial judge necessary to a successful claim for disqualification. *See State v. Knoblock*, 44 Wis. 2d 130, 137, 170 N.W.2d 781, 785 (1969) (emphasis deleted) (quoting *Goodman v. Wiscon-*

*sin Elec. Power Co.*, 248 Wis. 52, 59, 20 N.W.2d 553, 556 (1945)).

■

In this same vein, Olexa argues that she was denied an impartial jury because the panel was composed of taxpayers. However, this objection was not voiced at *voir dire*. Therefore, it is waived. *Cornell v. State*, 104 Wis. 527, 532, 80 N.W. 745, 746 (1899).

### JURY INSTRUCTION
Element of Willfulness

Section 71.11(41), Stats. (1983–84), the statute under which Olexa was charged, provided, in part:

> If any person ... *wilfully* fails or refuses to make a return ..., such person shall be guilty of a misdemeanor and may be fined not more than $500 or imprisoned not to exceed 6 months or both, together with the cost of prosecution.[3] [Emphasis added.]

Olexa challenges the definition of "willful" contained in the standard jury instruction, Wis J I—Criminal 5010, given by the trial court in this case. This instruction provides:

> The failure to file a timely return is willful if the defendant knew he was required to file and deliberately did not file a return.
> This does not require the State to prove that the defendant had a purpose to evade a tax or to defraud the State of Wisconsin.

---

[3]The current version of sec. 71.11(41), Stats., provides for a maximum penalty of $10,000 or nine months' imprisonment or both, together with the cost of prosection.

■
A trial court has wide discretion in framing jury instructions. *State v. Pruitt*, 95 Wis. 2d 69, 80–81, 289 N.W.2d 343, 348 (Ct. App. 1980).

Olexa argued at trial that she harbored a good faith belief that she earned no income in dollars and that she was not a "person" within the meaning of the tax laws. Therefore, Olexa contends that she did not have the requisite intent to violate the statute. She argues that the jury should have been so instructed. We disagree.

The definition of willfulness is assisted by the definition of "intentionally" in sec. 939.23(3), Stats. *See State v. Cissell*, 127 Wis. 2d 205, 211–12, 378 N.W.2d 691, 693–94 (1985), *cert. denied*, 106 S. Ct. 1651 (1986). This statute states, in part: "'Intentionally' means that the actor either has a purpose to do the thing or cause the result specified or believes that his act, if successful, will cause the result." This definition constitutes "a general statement of the *mens rea* element of criminal intent crimes." *Cissell*, 127 Wis. 2d at 211, 378 N.W.2d at 694. The supreme court in *Cissell* refused to carve out a distinction between "intentional" and "willful." *Id.* at 212–13, 378 N.W.2d at 694.

■
The trial court's instruction from Wis J I—Criminal 5010 correctly stated the law and was in keeping with the *mens rea* requirements of both sec. 71.11(44), Stats. (1983–84), and sec. 939.23(3), Stats. Olexa's claimed belief that she was not required to file a return does not controvert the undisputed fact that she deliberately chose not to do so.

As the state points out, Olexa's defense here is really one of a claimed mistake, although Olexa does

not couch her argument in these terms. Since Olexa did not request a mistake instruction, this issue is deemed waived. *See* sec. 805.13(3), Stats. However, the waiver rule is one of administration and does not control our power to address such issues. *See Wirth v. Ehly*, 93 Wis. 2d 433, 444, 287 N.W.2d 140, 146 (1980). We choose to address this issue because, although without merit, it is a tax protest issue which is otherwise likely to recur in future cases.

The law of mistake is recited in sec. 939.43(1), Stats.:

> An honest error, whether of fact or of law other than criminal law, is a defense if it negatives the existence of a state of mind essential to the crime.

The unifying principle behind the mistake of fact defense is that no person should be subjected to criminal punishment where intent is necessary to constitute an offense, unless that person has performed a voluntary act while possessing a guilty mind or *mens rea*. *See State v. Bougneit*, 97 Wis. 2d 687, 691, 294 N.W.2d 675, 677–78 (Ct. App. 1980). However, a defendant's mistake as to the legality of an activity under the criminal laws of this state does not negate the existence of intent. *See State v. Dahlk*, 111 Wis. 2d 287, 305, 330 N.W.2d 611, 621 (Ct. App. 1983).

Olexa claims that she is exempt from the filing requirements of the tax laws because her study and research brought her to this legal conclusion. However, mistakes of criminal law are not recognized by sec. 939.43(1), Stats., as legal defenses. Section 71.11(41), Stats. (1983–84), is a criminal statute which punishes the failure of "any person" to file a required

tax return. Olexa claimed that she did not qualify as a "person" under this statute and that her wages in the form of federal reserve notes did not qualify as income for tax purposes. These contentions are based upon legal interpretation and are not recognized by the mistake statute as valid defenses.

### Right of Jury to Ignore the Statute

Next, Olexa argues that the trial court erred in refusing to instruct the jury that it could ignore the statute if they felt it was unfair. The jury, however, does not determine or weigh the utility or validity of the law. Indeed, even the court—absent constitutional considerations—is not given such power.

It is a basic tenet of our system of government that decisions are based on law, not personal whim. *Peot v. Ferraro*, 83 Wis. 2d 727, 747, 266 N.W.2d 586, 596 (1978). The jury verdict also must be based on the law. *Id.* If the jury ignores the instructions as to the applicable legal rules, the jury becomes in effect the legislature and its decision depends entirely on uncontrolled, arbitrary discretion, not legal principle. *Id.*

### SUFFICIENCY OF EVIDENCE

Olexa next challenges the sufficiency of the evidence on the element of willfulness. This argument rests principally on the same grounds noted above relative to Olexa's claim that she is exempt from the filing requirements of the tax laws. Without reciting all the evidence on this question, suffice it to say that the evidence reveals that Olexa had filed income tax returns for certain previous years, had been denied

tax exempt status by the Department of Revenue prior to her failure to file and had been warned by the department of the existence of penalties for a failure to file. In the face of these facts and knowledge, Olexa deliberately chose not to file the required returns. The jury's determination that Olexa's refusal to file was willful is supported by the credible evidence.

Finally, Olexa contends that the evidence is insufficient to show that the "dollars" she received for wages were income subject to income tax. This argument is premised upon the oft-repeated theme in tax protest and related cases that federal reserve notes are not valid legal tender. This argument was rejected by this court in *Kauffman v. Citizens State Bank*, 102 Wis. 2d 528, 530–33, 307 N.W.2d 325, 326–28 (Ct. App. 1981). Parenthetically, we note that Olexa's reservations concerning the legitimacy and effectiveness of these same "dollars" did not deter her from accepting and negotiating her paychecks over the income periods at issue in this case. We conclude the evidence was sufficient to support the jury's finding that Olexa received taxable income during these periods.

*By the Court.*—Judgment affirmed.