STATE of Wisconsin, Plaintiff-Respondent,

v.

Richard A. WEIDMAN, Defendant-Appellant.†

Court of Appeals

*No. 2006AP2168–CR. Submitted on briefs October 11, 2007.
—Decided November 21, 2007.*

2007 WI App 258

(Also reported in 743 N.W.2d 854.)

† Petition to review denied 5/13/08. Ziegler, J., did not participate.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Richard A. Weidman*, pro se.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jonathan J. Kinkel*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Nettesheim and Snyder, JJ.

¶ 1. SNYDER, J. Richard A. Weidman appeals pro se from an order denying his motion for postconviction relief. On appeal, Weidman challenges the circuit court's subject matter jurisdiction and asserts that the Wisconsin Statutes are not the official laws of Wisconsin. We reject Weidman's argument and affirm the order of the circuit court.

¶ 2. On June 11, 2004, the State charged Weidman with cocaine possession with intent to deliver. Weidman was convicted and sentenced accordingly. He subsequently moved to vacate the judgment of conviction and to dismiss the charge for lack of subject matter jurisdiction. The circuit court denied his motion and Weidman appeals.

¶ 3. By cobbling a variety of snippets taken out of context from authorities both binding and not binding on this court together with broad generalities about government apparently all his own, Weidman assembles an argument purporting to prove that the "Circuit Court did in fact lack subject matter jurisdiction over the appellant in the said case that is on appeal." We cannot agree.

724

¶ 4. In *State v. Olexa,* 136 Wis. 2d 475, 479, 402 N.W.2d 733 (Ct. App. 1987), this court made clear that a court has subject matter jurisdiction if it has the power to hear the kind of action brought. Circuit courts in Wisconsin are courts of general jurisdiction and have original subject matter jurisdiction over civil and criminal matters not excepted in the constitution or prohibited by law. *Id.* Weidman was charged with violating WIS. STAT. § 961.41(1m)(cm)4 (2005–06).[1] As we understand Weidman's argument, he does not appear to challenge that statute in particular, but rather he challenges any statute, like the one in question, that does not include its own enacting clause. However, on that point, Weidman cites to no authority that binds this court.

¶ 5. Weidman does cite to WIS. CONST. art. IV, § 17(1), which provides that "[t]he style of all laws of the state shall be 'The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:'." From that, Weidman extrapolates that "Wisconsin Statutes are not the official laws of Wisconsin." Crucially, however, Weidman's argument fails to distinguish between laws and statutes. The Laws of Wisconsin are governed by WIS. STAT. § 35.15, whereas the Wisconsin Statutes are governed by WIS. STAT. § 35.18. Further, as the Preface to the Wisconsin Statutes and Annotations sets forth at page iii, "[a]ccording to Legislative Joint Rule 53(1), when an act, or part of an act, creates a statute section number, that action indicates a legislative intent to make the section a part of the Wisconsin Statutes." Hence, because the legislature can intend that only a part of an act creates a statute, we are uncon-

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

vinced that each statute must contain all the constituent parts of an act, namely, the enabling clause.

¶ 6. We conclude, therefore, that Weidman has failed to establish that the Wisconsin Statutes must include the enacting clause for each particular statute. We therefore reject Weidman's subject matter jurisdiction argument. Holding as we do, we need not address Weidman's correlative argument that the circuit court erred for failing to countenance it.

*By the Court.*—Order affirmed.