TILLO et al., Respondents

v.

CITY OF SIOUX FALLS et al., Appellants

(147 N.W.2d 128)

(File No. 10289. Opinion filed December 16, 1966)

**Paul E. Mundt, John P. McQuillen,** Sioux Falls, for defendants and appellants.

**Christopherson, Bailin, Wilds & Bailey,** Sioux Falls, for plaintiffs and respondents.

ROBERTS, Judge.

On March 15, 1965, the City of Sioux Falls amended its 1950 Revised Zoning Ordinance to rezone certain lots in Wallner's Addition. It changed the classification of portions of two lots from a "D" two family dwelling district to "F" local commercial district, portions of two lots from a "C" single family dwelling dis-

trict to "F" local commercial district, and three lots from a "C" single family dwelling district to "D" two family dwelling district. The use district map on file with the Revised Zoning Ordinance was amended to include the rezoned property in an "F" local commercial district and "D" two family dwelling district.

Plaintiffs who own and reside on properties near the rezoned area made application to the Circuit Court for Minnehaha County for a writ of prohibition alleging that notwithstanding the filing of proper protest petitions the City Commission intended to permit the amendatory ordinance to become effective. An alternative writ of prohibition was made returnable March 24, 1965, commanding defendants to desist and refrain from giving effect to such ordinance and to show cause why the writ should not be made permanent. Defendants moved to dismiss the writ for the reasons that the application therefor stated no grounds for its issuance and that a municipality cannot be prohibited from amending its zoning ordinances. The court denied the motion, but modified its writ to permit publication of the ordinance.

It appears from an analysis of respondents' brief that they challenge the validity of the rezoning ordinance on the grounds, namely, (1) that the changes in the zoning were not in accordance with a comprehensive.plan; (2) that there were no changed conditions justifying a rezoning; (3) that property had been purchased with the intention to use it for purposes permitted under existing regulations; (4) that the rezoning ordinance was not designed to promote the objectives of the enabling statute; and (5) that such ordinance constitutes illegal "spot zoning".

It appears from a map in evidence considered in connection with the testimony of the city engineer and the city planning director that the area of the subject property is not exclusively residential. The four lots rezoned "F" local commercial front south on 37th Street and areas south of that street are zoned light industrial and local commercial. The area west of these four lots is zoned local commercial. The lots rezoned "D" two family dwelling bound south on 37th Street. The areas west and north are zoned "C" single family dwelling and two areas west are zoned "D" two family dwelling and "F" local commercial.

Zoning by municipalities is authorized under the provisions of SDC 45.26 "[f]or the purpose of promoting health, safety, morals, or the general welfare of the community". SDC 1960 Supp. 45.2604 provides that a zoning ordinance shall take effect as other ordinances "unless the referendum be invoked, or unless a written protest be filed with the auditor or clerk, signed by the owners of at least forty per cent of the aggregate area of the lots included in any proposed district and the lots or parts of lots within one hundred fifty feet from any part of such proposed district measured by excluding streets and alleys. In the event such a protest be filed, the ordinance shall not become effective as to the proposed district against which the protest has been filed." SDC 1960 Supp. 45.2605 permits the amendment, supplement or change from time to time of regulations, restrictions and boundaries and in designating the procedure provides that the adoption shall be "in the same manner and upon the same notice as required for the adoption of the original ordinance. The governing body may by ordinance require as a condition precedent to the introduction of any ordinance proposing changes in the zoning ordinance that there be first filed with the city auditor or clerk the written consent of the owners of not exceeding sixty per cent of the aggregate area having the right of protest against such proposed ordinance if adopted * * * The referendum and the right of protest may be invoked against such an ordinance in like manner as against the original ordinance."

Petitions protesting the adoption of the rezoning ordinance were received in evidence. No witnesses testified or other evidence was offered on behalf of plaintiffs. The city engineer testified that signers of the protest petitions in evidence were owners of 16 1/10 percent of the aggregate area having the right of protest against the ordinance. The circuit court entered its judgment in favor of plaintiffs with its findings and conclusions to the effect that there had been a failure on the part of the city to adopt the ordinance in accordance with a comprehensive plan and that the ordinance is unreasonable and discriminatory as to resident owners in the existing single family dwelling districts. The errors assigned in effect challenge the sufficiency of the evidence to sustain the decision of the trial court.

 Zoning ordinances must find their justification in the police power exercised in the interest of the public. Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016. The enabling act as we have indicated empowers a municipality to amend its zoning ordinances so as to meet changed conditions. In other words, zoning regulations are in no sense contractual on the part of the municipality precluding subsequent changes. Thus in a well reasoned decision, Rodgers v. Village of Tarrytown, 302 N.Y. 115, 96 N.E.2d 731, the court said: "While stability and regularity are undoubtedly essential to the operation of zoning plans, zoning is by no means static. Changed or changing conditions call for changed plans, and persons who own property in a particular zone or use district enjoy no eternally vested right to that classification if .the public interest demands otherwise. Accordingly, the power of a village to amend its basic zoning ordinance in such a way as reasonably to promote the general welfare cannot be questioned. Just as clearly, decision as to how a community shall be zoned or rezoned, as to how various properties shall be classified or reclassified, rests with the local legislative body; its judgment and determination will be conclusive, beyond interference from the courts, unless shown to be arbitrary". Property is always subject to the police power and its exercise with respect to the use of land is likely to affect adversely the property interests of some owners. We have thus recognized that incidental damages to property resulting from the exercise of such power is not a taking of the property entitling a property owner to compensation. Darnall v. State, 79 S.D. 59, 108 N.W.2d 201.

 It is a generally accepted rule that where a legislative body has power to act, its discretionary exercise of the power will be accorded a presumption of validity. State ex rel. Botkin v. Welsh, 61 S.D. 593, 251 N.W. 189; State v. Nuss, 79 S.D. 522, 114 N.W.2d 633. Like all legislative enactments, a zoning ordinance is regarded as presumptively valid. Village of Euclid v. Ambler Realty Co., supra. The burden is upon one assailing its validity to overcome the presumption. Murphy, Inc. v. Town of Westport, 131 Conn. 292, 40 A.2d 177, 156 A.L.R. 568; Foster v. Mayor of City of Beverly, 315 Mass. 567, 53 N.E.2d 693, 151

A.L.R. 737; Thomas v. Town of Bedford, 11 N.Y.2d 428, 230 N.Y.S.2d 684, 184 N.E.2d 285, 98 A.L.R.2d 219. He must demonstrate invalidity by something more than abstract considerations. Schmitt v. Nord, 71 S.D. 575, 27 N.W.2d 910. The circumstances and the locality, said the court in the Euclid v. Ambler case, supra, must be taken into consideration in determining the validity of an ordinance restricting the erection of billboards. As was said in Thomas v. Town of Bedford, supra: "What the plaintiffs are attempting to do, it seems clear, is to reverse the presumption that the ordinance is valid and place upon the town officials the burden of proving that they acted reasonably. The town, of course, is not required to establish a need for rezoning; the burden of proving arbitrariness rests upon the plaintiffs."

Plaintiffs obviously failed to meet the burden of overcoming the presumption of validity applicable to a zoning ordinance. Since the facts of record, or of which a court may take judicial notice, fail to establish a right to relief, the judgment is reversed.

All the Judges concur.