CITY OF COLTON, A Municipal Corporation, Plaintiff and Appellee,

v.

Shirley CORBLY, Defendant and Appellant.

No. 13448.

Supreme Court of South Dakota.

Considered On Briefs Feb. 25, 1982.

Decided April 14, 1982.

Timothy J. McGreevy of Dana, Golden, Moore & Rasmussen, Sioux Falls, for plaintiff and appellee.

Shirley Corbly, pro se.

MORGAN, Justice.

This is an appeal from a permanent mandatory injunction ordering appellant Shirley Corbly (Corbly) to remove an addition to a house owned by herself and located within the City of Colton, which addition was erected without proper building permits required by the city's planning and zoning ordinance, and which addition was in violation of a provision prohibiting the erection of or adding to a structure within twenty-five feet of a public thoroughfare. Corbly's primary contention on appeal is the invalidity of the planning and zoning ordinance on the grounds of improper procedures in enacting the same.

Corbly assailed the validity of Ordinance No. 104 on the grounds that a prior ordinance, No. 92, which established the planning and zoning commission in 1975 was not valid for lack of proper publication of notice of its adoption. Ordinance No. 92 was the first step required by SDCL 11–4–11 to institute the planning and zoning procedures under SDCL ch. 11–4. Corbly argues that absent a proper ordinance establishing the planning and zoning commission the subsequent action of the town board in adopting the comprehensive plan was of no effect.

 We cannot agree with Corbly that the adoption of Ordinance No. 92 was ineffective because it was published only once. SDCL 9–19–7 provides alternative methods of publication of an ordinance. The first alternative being when the ordinance is published in its entirety. The second alternative requires two publications if only a notice of the fact of adoption of the ordinance is published.[1] The record discloses that the one publication of Ordinance No. 92 was of the ordinance in its entirety and, therefore, one publication was adequate and the ordinance was duly adopted and published.

On appeal, Corbly attempts to raise an issue regarding proper publication of a preliminary survey and comprehensive plan under SDCL 11–4–4, which issue, however, was not raised before the trial court and is therefore not preserved for appeal.

There is a presumption of validity of the city ordinance which Corbly has failed to overcome because she has simply misread or refuses to accept the alternative requirements of SDCL 9–19–7 as the law. Moreover, we note that the ordinance was referred to a vote of the electors of Colton under the provisions of SDCL ch. 9–20 and the record discloses it was passed by a wide margin. The power of the initiative and the referendum is a constitutional power reserved to the people by the South Dakota Constitution, art. III, § 1. In our opinion, the outcome of that election conclusively validated the adoption of the ordinance[2] and the trial court correctly entered judgment for mandatory injunction. We do hereby affirm the same.[3]

All the Justices concur.

twenty days after the completed publication of such notice[.]

2. Corbly did not question the validity of the referendum.

3. We find no support in the record that the trial judge was prejudiced against Corbly because she proceeded pro se.

---

1. In pertinent part, SDCL 9–19–7 provides:

   All ordinances shall be read twice . . . and published once except that an ordinance incorporating and adopting comprehensive regulations or a code . . . prescribing building, electrical, plumbing . . . need not be published in a newspaper, but upon adoption of such an ordinance the auditor or clerk shall publish a notice of the fact of adoption once a week for two successive weeks in the official newspaper, and