CITY OF COLTON, A Municipal Corporation, Plaintiff and Appellee,

v.

Shirley CORBLY, Defendant and Appellant.

No. 13571.

Supreme Court of South Dakota.

Considered on Briefs April 27, 1982.

Decided Aug. 18, 1982.

Timothy J. McGreevy of Dana, Golden, Moore & Rasmussen, Sioux Falls, for plaintiff and appellee.

Shirley Corbly, pro se.

WOLLMAN, Chief Justice.

This is an appeal from a judgment imposing a permanent mandatory injunction requiring appellant to remove an addition to certain real property located in the city of Colton (appellee).* We affirm.

Appellant, owner of the real estate in question, built an addition on her property without first applying for and receiving a building permit. Appellee's zoning ordinance, Ordinance 104, requires a building permit as a precondition to construction of such an addition.

Appellant attacks the ordinance as being invalid under the United States Constitution and South Dakota Constitution. Appellant contends that this ordinance violates the fourth, fifth, eighth, ninth, tenth, thirteenth, and fourteenth amendments to the United States Constitution. Appellant also contends that this ordinance violates article VI and section 10 of article I of the United States Constitution as well as sections 21

---

* This is a companion case to *City of Colton v. Corbly*, 318 N.W.2d 136 (S.D.1982), wherein

Ms. Corbly attacked the ordinance at issue on procedural grounds.

and 23 of article III and sections 1, 13, and 23 of article VI of the South Dakota Constitution.

■ Legislative decisions are presumed to be valid, and zoning decisions will be upheld if the issue of constitutionality is fairly debatable. *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926); *State Theatre Co. v. Smith*, 276 N.W.2d 259 (S.D.1979). One assailing the validity of a zoning ordinance has the burden of overcoming this presumption of validity and must show that the ordinance is unreasonable and arbitrary. *State Theatre Co. v. Smith*, supra; *Tillo v. City of Sioux Falls*, 82 S.D. 411, 147 N.W.2d 128 (1966). Invalidity must be demonstrated by something more than abstract considerations. *Tillo v. City of Sioux Falls*, supra.

■ Appellant has not alleged any facts that suggest that the application of Ordinance 104 is invalid as it applies to her. Consequently, we find no basis for appellant's claim that Ordinance 104 is unconstitutional, either on its face or as it applies to her situation.

■ Appellant next contends that it was impossible for her to pay the fee required to obtain a permit inasmuch as the fee is denominated in dollars represented by federal reserve notes. She argues that since federal reserve notes are not redeemable in specie, payment of the fee violates art. 1, § 10 of the federal constitution, which provides: "No state shall ... make anything but gold and silver coin a tender in payment of debts...."

Although art. 1, § 10 constitutes a limitation on the power of the states, the constitution does not limit Congress' power to declare what shall be legal tender for all debts. *Julliard v. Greenman*, 110 U.S. 421, 446–50, 4 S.Ct. 122, 128–31, 28 L.Ed. 204, 213–15 (1884). Congress has declared that federal reserve notes constitute legal tender for all debts. 31 U.S.C. § 392 (1976). In recognition of established legal principle, we conclude that appellant's contention regarding payment of the fee is without merit. See *United States v. Rifen*, 577 F.2d 1111 (8th Cir. 1978); *United States v. Wangrud*, 533 F.2d 495 (9th Cir. 1976), cert.

denied, 429 U.S. 818, 97 S.Ct. 64, 50 L.Ed.2d 79 (1976); *Brubrad Company v. United States Postal Service*, 404 F.Supp. 691 (E.D. N.Y.1975); *Kauffman v. Citizens State Bank of Loyal*, 102 Wis.2d 528, 307 N.W.2d 325 (Ct.App.1981); *Allen v. Craig*, 1 Kan. App.2d 301, 564 P.2d 552 (1977); *Chermack v. Bjornson*, 302 Minn. 213, 223 N.W.2d 659 (1974), cert. denied, 421 U.S. 914, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975); *Radue v. Zanaty*, 293 Ala. 585, 308 So.2d 242 (1975); *Leitch v. State, Department of Revenue*, 16 Or.App. 627, 519 P.2d 1045 (1974).

We have considered the remaining contentions advanced by appellant and find them to be without merit.

The judgment is affirmed.

All the Justices concur.