**FIRST NATIONAL BANK of the
BLACK HILLS, Plaintiff
and Appellee,**

v.

**Edward A. TREADWAY and Maxine
Treadway, Defendants and
Appellants,**

and

**Pennington County, Defendant
and Appellee,**

and

**The Internal Revenue Service,
Defendant.**

No. 14056.

Supreme Court of South Dakota.

Considered on Briefs Sept. 14, 1983.

Decided Oct. 19, 1983.

J. Crisman Palmer of Gunderson & Palmer, Rapid City, for plaintiff and appellee;

R. William Tschetter, Deputy State's Atty., Pennington County, Rapid City, on brief.

Edward A. Treadway and Maxine Treadway, pro se.

DUNN, Justice.

This is an appeal from an order granting summary judgment in a mortgage foreclosure action. We affirm.

On December 19, 1977, the First National Bank of the Black Hills (Bank) loaned $33,000 to Edward A.. Treadway and Maxine Margaret Treadway (appellants). In conjunction with the loan, appellants executed a promissory note calling for 60 consecutive monthly payments and a 180-day redemption mortgage, whereby appellants mortgaged to Bank real property located in Pennington County, South Dakota.

Appellants defaulted on the monthly payments, required by the note and mortgage, and Bank instituted a foreclosure action. Bank moved for summary judgment and after a hearing on the motion during which all the parties presented testimony, summary judgment was granted.

The issues on appeal are: 1) Did the circuit court have jurisdiction to determine the issues in a mortgage foreclosure action when the filing fees in the suit were paid in federal reserve notes rather than gold or silver? 2) Do appellants have a right to a free transcript of hearing because they are indigent?

Initially, we deal with the question of the circuit court's jurisdiction over this mortgage foreclosure action. Appellants contend that the circuit court did not have jurisdiction over the claim because the filing fees were paid in federal reserve notes rather than gold or silver, thus violating an injunction mandated by art. I, § 10 of the United States Constitution, which states, "No state shall ... make anything but gold or silver coin a tender in payment of debts[.]"

■ Appellants' contention fails for two reasons. First, it has long been recognized that Congress has the power, under art. I, § 8 of the United States Constitution, to establish a uniform legal tender for payment of debts. *Juilliard v. Greenman,* 110 U.S. 421, 4 S.Ct. 122, 28 L.Ed. 204 (1884). The mere utilization of a standard of tender prescribed by Congress is not state action as prohibited by art. I, § 10; it is an effectuation of validly exercised Congressional power under art. I, § 8. Since Congress has declared that federal reserve notes constitute legal tender for all debts, appellants' claim that the fee must be paid in gold or silver before the circuit court has jurisdiction is without merit. *Chermack v. Bjornson,* 302 Minn. 213, 223 N.W.2d 659 (1974), *cert. denied* 421 U.S. 915, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975); *City of Colton v. Corbly,* 323 N.W.2d 138 (S.D.1982).

■ Second, it is clear that circuit courts have jurisdiction over mortgage foreclosure actions. SDCL 16–6–9 provides that the circuit courts have original jurisdiction in all actions at law or equity. It is well settled that an action to foreclose a mortgage is equitable in nature. *Lincoln Joint Stock Land Bank v. Barnes,* 143 Neb. 58, 8 N.W.2d 545 (1943); *Wisconsin Brick and Block Corporation v. Vogel,* 54 Wis.2d 321, 195 N.W.2d 664 (1972); 1 Glenn on Mortgages §§ 77, 77.1 (1943). In addition, SDCL 21–47–1, the venue of foreclosure actions provision, states that "[a]ctions for the foreclosure or satisfaction of mortgages may be brought in the circuit court for the county where the mortgaged real property or some portion thereof is situated ...." Therefore, the circuit court had jurisdiction to hear this mortgage foreclosure action.

We next turn to appellants' claim that they are entitled to a free copy of the transcript of hearing because they are indigent, and that without a free copy they cannot make a proper appeal. On January 17, 1983, appellants filed an affidavit with the circuit court stating that they had no means by which to pay the costs of this appeal; the court then ordered the costs of appeal waived. Appellants argue that the court reporter should then have given them a free copy of the transcript of hearing even though satisfactory arrangements for

payment of the costs of the transcript had not been made.

Of importance to this question are a number of provisions in SDCL ch. 15–26A, the rules of civil appellate procedure. SDCL 15–26A–23 requires appellants to file a bond to cover cost of appeal; these costs may be waived if appellant files an affidavit of indigency with the clerk of the circuit court. SDCL 15–26A–24. In the present case, appellants properly filed such an affidavit and the costs of appeal were waived. The statutes further provide that an appellant must order a transcript of the proceedings from the court reporter. SDCL 15–26A–48. As to the costs of the transcript, SDCL 15–26A–51 states that "[a]t the time of ordering, a party must make satisfactory arrangements with the reporter for payment of the costs of the transcript . . . ."

Neither the record nor appellants' brief indicate that appellants made arrangements of any type with the reporter for payment of the costs of the transcript. The order of the circuit court pertained only to the costs of appeal, as specified in SDCL 15–26A–24. Appellants never requested an order from the circuit court for waiver of transcript costs, and, according to their brief, appellants never paid the court reporter themselves. However, we need not decide the question of whether indigent appellants are entitled as a matter of right to a free transcript under SDCL 15–26A–48 and 15–26A–51, since a copy of the transcript of hearing is before us in the record. Therefore, we have been able to examine the complete record in this matter and all of appellants' claims. Appellants have not been prejudiced by an incomplete record.

We have considered appellants' remaining contentions and find them to be without merit.

The order of the circuit court is affirmed.

All the Justices concur.