**Lee S. WIKLE, Plaintiff and Appellant,**

v.

**CITY OF RAPID CITY, Defendant and Appellee.**

**No. 14199.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 2, 1983.

Decided April 25, 1984.

Lee S. Wikle, pro se.

No appearance for defendant and appellee.

PER CURIAM.

This is an appeal from a circuit court order affirming a magistrate court order directing Lee S. Wikle to pay his $55.00 speeding ticket in "legal tender Federal Reserve Notes." Wikle earlier refused to pay the fine until the magistrate court denominated the method of payment. We affirm.

\* 31 U.S.C. § 5103 (1983), formerly 31 U.S.C. § 392 (1976), provides:
   United States coins and currency (including Federal reserve notes and circulating notes of

Wikle argues that federal reserve notes discharge obligations but do not pay debts since gold and silver coin has "substance" and is the only "lawfull [sic] money" that can be used to pay his fine. Because the magistrate court ordered him to pay his fine in federal reserve notes rather than gold and silver coin, Wikle argues that the order is void.

This Court faced and resolved a similar contention in *City of Colton v. Corbly*, 323 N.W.2d 138, 139 (S.D.1982):

> She argues that since federal reserve notes are not redeemable in specie, payment of the fee violates art. 1, § 10 of the federal constitution, which provides: "No state shall ... make anything but gold and silver coin a tender in payment of debts...."
>
> Although art. 1, § 10 constitutes a limitation on the power of the states, the constitution does not limit Congress' power to declare what shall be legal tender for all debts. *Juilliard v. Greenman*, 110 U.S. 421, 446–50, 4 S.Ct. 122, 128–31, 28 L.Ed. 204, 213–15 (1884). Congress has declared that federal reserve notes constitute legal tender for all debts. 31 U.S.C. § 392 (1976). In recognition of established legal principle, we conclude that appellant's contention regarding payment of the fee is without merit. [citations omitted] \*

We further elaborated in *First National Bank of Black Hills v. Treadway*, 339 N.W.2d 119, 120 (S.D.1983):

> First, it has long been recognized that Congress has the power, under art. I, § 8 of the United States Constitution, to establish a uniform legal tender for payment of debts. *Juilliard v. Greenman*, 110 U.S. 421, 4 S.Ct. 122, 28 L.Ed. 204 (1884). The mere utilization of a standard of tender prescribed by Congress is not state action as prohibited by art. I,

Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues. Foreign gold or silver coins are not legal tender for debts.

§ 10; it is an effectuation of validly exercised Congressional power under art. I, § 8. Since Congress has declared that federal reserve notes constitute legal tender for all debts, appellants' claim that the fee must be paid in gold or silver before the circuit court has jurisdiction is without merit. *Chermack v. Bjornson,* 302 Minn. 213, 223 N.W.2d 659 (1974), *cert. denied* 421 U.S. 915, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975); *City of Colton v. Corbly,* 323 N.W.2d 138 (S.D.1982).

Consequently, the order is affirmed.