Kenneth and Jo TILLERY, et al *v.* MEADOWS
CONSTRUCTION COMPANY

84-147                                    681 S.W.2d 330

Supreme Court of Arkansas
Opinion delivered December 17, 1984

*Pryor, Robinson & Barry,* for appellants.

*Hardin, Jesson & Dawson,* for appellees.

STEELE HAYS, Justice. Appellee, Meadows Construction Company, began work on an apartment complex on a tract of land joined on three sides by single family homes. Appellants, twenty-two of those adjoining homeowners, sought an injunction claiming the notice requirements of the zoning ordinance were not complied with. The Chancellor denied injunctive relief and appellants bring this appeal. We affirm.

Appellants' principal contention is they were not given the required notice of a planning commission hearing on zoning changes which adversely affected their property. They cite Ark. Stat. Ann. § 19-2830 (Repl. 1980) and a Ft. Smith ordinance detailing the notice requirements of such a hearing. In addition to notice by newspaper publication provided for in § 19-2830, the city ordinance requires a mailing to all "adjacent" property owners.

In 1974 the city of Ft. Smith undertook a comprehensive revision of its zoning ordinance, which included additional residential classifications. Appellants concede the Planning Commission gave public notice by newspaper publication and held hearings on the rezoning plan. At these hearings the zoning ordinance at issue was discussed. The proposed ordinance increased the number of previous classifications and altered some of the existing classifications. The residential areas were divided as follows: R-2 into R-2-SFDP and R-2-MF, R-3 into R-3-SFDP and R-3-MF, and R-4 into R-4-SFDP and R-4-MF.

Prior to these changes appellants' properties were zoned R-3. In the course of the hearings the Planning Commission decided to designate all property previously zoned R-2, as R-2-SFDP, all property previously zoned R-3, as R-3-MF and all property previously zoned R-4, as R-4-MF. At a later date areas were to be designated with the remaining new classifications. No property in the city was designated R-3-SFDP.

Appellants argue that the mailing requirement for these hearings was not complied with and that no notice was given of the reclassification of their properties from R-3 to

R-3-MF. We disagree that the ordinance entitled appellants to individual notice by mail of the hearing on zoning reclassification. A reasonable interpretation of the ordinance does not require a city-wide mailing when a comprehensive rezoning plan is contemplated. We think the language of the ordinance requiring the mailing of notice is intended to apply when a *particular tract* is being considered for rezoning. The ordinance states that in addition to notice in a newspaper of general circulation:

> The proponent shall, at the time the petition is presented to the Planning Commission, deliver a copy of same to the Building Inspector listing therein, the following information: *the legal description of the property proposed to be rezoned; the street address of the entire petitioned area; the present zone and the proposed zone,* utilizing the words "industrial," "commercial," and the like, followed by the numeral, in lieu of the mere "I-3" and the like, and the names and addresses of all persons listed as the last record owners *of property adjacent to the petitioned property, including property across the street and intersection and all owners within the petitioned area,* and finally, the date that this petition will be heard by the Planning Commission. This information will be utilized by the Building Inspector by mailing post cards to all persons listed therein, notifying them of the public hearing on such change, and *listing the street address of the property and the proposed change.* (Our emphasis).

It would require a strained reading of this language to find a comprehensive zoning change necessitated notice by mail throughout the city and would result in a burdensome procedure. We are unwilling to reach that construction of the ordinance. Although zoning laws must be strictly construed in favor of the property owner, *Blundell* v. *City of West Helena,* 258 Ark. 123, 522 S.W.2d 661 (1975), that does not compel a contrived result when common sense points elsewhere. *Henderson* v. *Russell,* 267 Ark. 140, 589 S.W.2d 565 (1979). We will avoid resorting to a subtle or forced construction for the purpose of limiting or extending the meaning of a statute. *Young* v. *Energy Transportation*

*Systems, Inc. of Arkansas,* 278 Ark. 146, 644 S.W.2d 266 (1983); *Hicks* v. *Arkansas State Medical Board,* 260 Ark. 31, 537 S.W.2d 794 (1976); *City of North Little Rock* v. *Montgomery,* 261 Ark. 16, 546 S.W.2d 154 (1977).

Turning to the argument that appellants were not notified of the change from R-3 to R-3-MF, we note first that for all practical purposes there was no change in appellants' zoning. In effect, the "rezoning" merely changed the name of the classification and not the substance of it. The appellee could have constructed the apartments under the R-3 classification as well as under the R-3-MF classification. R-3 permitted under general uses: single and two family homes, multi-family apartments, churches, community centers, public libraries, nursery schools, public and parochial schools and several other concerns. Under R-3-MF the general uses permitted are limited to single and two-family homes and multi-family homes. The other uses listed above under R-3 as general uses are conditional uses under R-3-MF. Thus, there was so substantive change to the detriment of appellants, if anything, the property was upgraded by the reclassification and the appellee is doing no more than could have been accomplished under the former classification. Second, we believe there was sufficient notice of any changes that were made. Public notice was given for the hearings on the rezoning plans and so far as we can determine, these hearings were held and the contemplated zoning changes were discussed. Appellants make no showing to the contrary. The fact that during the course of the hearings the Planning Commission decided in essence not to make any change in any of the existing residential zoning areas in the city is not something that required additional notice. Not only were these hearings conducted to discuss precisely the reclassification that occurred, but no injury resulted from those changes which did occur. In fact, as we have said, the classifications may have been upgraded. Appellants do not argue the notice of the content of the hearings was misleading or insufficient, or that by the Planning Commission's actions they would be precluded from seeking an upgraded zoning when such designations were made later. Nor have appellants cited any clear authority to support their argument.

Appellants further submit that appellee's plat was not filed in accordance with the provisions of an applicable ordinance. The city platting procedure requires approval of the tentative plat before filing, which is subject to lapse if a final plat is not submitted within one year. In June 1980, the appellee received approval by the city but no final plat was filed until 1983. The record, however, does not bear out non-compliance and indicates substantial compliance. Before filing the plant in 1983, appellee sought re-approval from the city. There is nothing in the record to show whether approval was considered by the commission, but the record does show approval was granted, subject to certain conditions being met, by the director of the commission. It seems to have been determined that because nothing had changed since the original application, the approval was still valid subject to the appellee performing certain prerequisites. From a reading of the platting requirements, there is nothing that indicates they were not substantially complied with and appellants fail to point out how they were not. Nor do appellants show how this handling of the plat was injurious to them.

Appellants contend they were entitled to notice of the plat filing and building permit issuance. We know of no requirement that such notice be given and appellants have cited none and offer no persuasive argument as to why notice should be required for these steps when adequate notice of zoning changes has already been given.

Appellants concede the foregoing arguments, standing alone, could not prevail, but, when taken together, they urge this case reflects a series of governmental processes which conspired to effectuate a substantial injury to the single largest investment likely to be made by appellants, i.e. their homes. The cumulative effect, they believe, constitutes a denial of due process under the Fourteenth Amendment. The argument overlooks the fact that the zoning classification of R-3-MF, permitting multi-family development, was already in existence when at least nineteen of the twenty-two appellants purchased or built their homes, and those few who bought prior to the rezoning were notified by publication of the proposed change, a change which, as we have

said, turned out to be essentially in name only. But here, appellee's apartment complex would have been permissible under the R-3 classification, and inasmuch as appellants had already been put on notice that a proposed zoning change consistent with R-3 would be considered by the Planning Commission, the reclassification to R-3-MF involved no deprivation and required no due process beyond that which was given. Even if appellee's tract had been zoned only for single family use when appellants' chose their home sites, which is not the case, zoning changes are a permissible exercise of the police power of the states, and there are no guarantees against zoning variances or outright changes in zoning classifications. We have said due process requires at a minimum that a person be given reasonable notice and a reasonable opportunity to be heard before he can be deprived of his property by state action. *Ingraham* v. *Wrights,* 430 U.S. 651 (1977); *Davis* v. *Schimmel, Trustee,* 252 Ark. 1201, 482 S.W.2d 785 (1975); *Dohany* v. *Rogers,* 280 U.S. 362 (1930). The Chancellor found those opportunities were afforded in this case and we cannot say his findings were clearly against the preponderance of the evidence.

Affirmed.

HICKMAN, PURTLE and HOLLINGSWORTH, JJ., concur.

DARRELL HICKMAN. Justice, concurring. I concur in the result which finds that the appellants could show no prejudicial error. I reserve my judgment on whether a city can change zones as it did with the notice it gave.

PURTLE and HOLLINGSWORTH, JJ., join in this concurrence.