41794. DeKALB COUNTY et al. v. PINE HILLS CIVIC
CLUB et al.
(326 SE2d 214)

WELTNER, Justice.

Calibre, Inc. sought to have certain property in DeKalb County rezoned for the purpose of constructing condominiums. The county gave notice of two zoning hearings by advertising in the county newspaper and posting a conspicuous sign on the property. The county also mailed written notices of the hearings to all abutting property owners in DeKalb County, pursuant to § 11-2367 of the county zoning ordinance, which provides: "The planning department shall give notification of the requested application by regular mail to all abutting property owners as shown by county tax records." Abutting property owners in Fulton County — who were not so notified — brought an action, seeking to have the rezoning invalidated. The superior court declared the reclassification void because abutting property owners in Fulton County failed to receive written notification of the hearings.

1. The trial court held that notice by publication violated the due process and equal protection rights of Fulton County property owners. "[N]otice by publication of a rezoning hearing to be held by a governing authority of a county is proper and adequate insofar as the requirements of procedural due process and equal protection are concerned. Such notice by publication puts all parties, wherever located, on notice that a public hearing will be held at the stated time and place before the governing authority which is considering an application to rezone land under the jurisdiction of the governing authority. We have held that such notice by publication is all that affected property owners are entitled to, and that their legal or constitutional rights are not violated by the rezoning of property when such notice by publication is given." *F. P. Plaza, Inc. v. Waite,* 230 Ga. 161, 163

(196 SE2d 141) (1973).

Hence, notice given to abutting property owners in Fulton County was not constitutionally deficient.

2. It must then be determined whether the county complied with its own notification requirements to all abutting property owners "as shown by county tax records." *South Jonesboro Civic Assn. v. Thornton,* 248 Ga. 65 (281 SE2d 507) (1981). The trial court held that the term "county" refers to any county in which such owners reside.

The county ordinance provides rules and procedures for the rezoning of property in DeKalb County, and only in DeKalb County. Further, the 1981 DeKalb County Code Adopting Ordinance provides that "[t]he word 'the county' or 'this county' shall mean DeKalb County, Georgia." While the term appearing in the questioned provision lacks the definite or demonstrative article, we hold that it refers to DeKalb County only. To broaden it to include *any* county would work expansion beyond the normal scope of county ordinances.

The notice to the property owners in Fulton County was constitutionally and statutorily sufficient.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 20, 1985.

*Jenkins & Bergman, Frank E. Jenkins III, Schreeder, Wheeler & Flint, David H. Flint, Timothy C. Batten, Alston & Bird, Peter M. Degnan,* for appellants.

*Frankel, Hardwick, Tanenbaum, Fink & Clark, William F. Clark,* for appellees.