Honorable Billy Joe Purdom State Representative District #4 Route A, Box 9 Yellville, AR 72687
Dear Representative Purdom:
This letter is in response to your request for an official Attorney General's Opinion regarding the legal significance of Section 1, Ordinance No. 86A of the City of Bull Shoals, Arkansas.
Pursuant to our telephone conversation of August 14, 1986, and relying on the letter of December 9, 1985 from Leigh Zarnke, Chairman, Bull Shoals Planning Commission, I understand the question to be:
 1. Since Ordinance No. 86A allowed mobile home occupants to replace or remodel their homes, but Ordinance No. 154 expressly repealed No. 86A and currently such mobile homes are classified as non-conforming uses and, therefore, if damaged beyond 50 percent of their value, cannot be replaced, is the City vulnerable to lawsuits by the mobile home owners?
 2. Since Ark. Stat. Ann. 19-2829(b)(2) prohibits the granting of a variance for any use that is not permitted under the ordinance, could variances be granted for the mobile home owners?
 3. If the Planning Commission chose to amend the existing ordinances to allow replacement or remodeling of mobile homes, would such an amendment violate State law?
The answer to question #1 is that the City is not vulnerable to lawsuits by mobile home owners. Zoning changes are a permissible exercise of police power of the state, and there no guarantees against zoning variances or outright changes in zoning classifications. Tillery v. Meadows Construction Company,681 S.W.2d 330 (1984).
The answer to question #2 is that variances could not be granted to the mobile home owners. Since the mobile homes are currently classified as non-conforming uses, they are by definition a use that is not permitted under the ordinance and therefore a variance would be prohibited by Ark. Stat. Ann. 19-2829(b)(2).
The answer to question #3 is that there is no statutory prohibition against such an amendment, so long as the Planning Commission complies with the proper procedures stated in Ark. Stat. Ann. 19-2830.
The foregoing opinion which I hereby approve was prepared by Assistant Attorney General Charles R. Lucus.