Arthur R. **FORTIER,** Plaintiff and Appellant,

v.

**CITY OF SPEARFISH,** Defendant and Appellee.

No. 16089.

Supreme Court of South Dakota.

Argued Sept. 1, 1988.

Decided Dec. 7, 1988.

Reed C. Richards, Deadwood, for plaintiff and appellant.

John J. Delaney, Rapid City, for defendant and appellee.

Michael G. Diedrich of City Attorney's Office, Rapid City, for amicus curiae City of Rapid City.

HEEGE, Circuit Judge.

Arthur Fortier (Fortier) appeals the trial court's grant of summary judgment in a declaratory judgment action. The trial court held that the City of Spearfish's (Spearfish) comprehensive zoning and flood damage ordinances were valid. We affirm.

## FACTS

Fortier purchased two empty lots adjoining Spearfish Creek within the City of Spearfish in 1977 for $8,500. After Fortier's purchase, Spearfish adopted its first comprehensive plan and zoning ordinance. Another comprehensive zoning ordinance was adopted in March 1980. Both of these ordinances contained flood plain district re-strictions that affected the development of Fortier's property.

More stringent restrictions were placed on property in the flood plain, including Fortier's, when Spearfish adopted Flood Control Ordinance No. 488 in 1981. This ordinance was enacted under the national flood insurance programs and the auspices of the Federal Emergency Management Agency. Flood Control Ordinance No. 488 was revised in June 1982 and also restricted development. Spearfish readily admits that development, particularly new construction, is difficult under these restrictions.

Each of these ordinances was adopted after giving notice by publication and holding hearings prescribed by SDCL 11–6–17. The adoption of the ordinances was published as provided by SDCL 11–6–18.2.

Fortier's complaint alleges that these ordinances were unconstitutional because (1) they were enacted without "adequate or actual notice to" Fortier and (2) they are "an unreasonable exercise of defendant Spearfish's zoning power as to become arbitrary, destructive or confiscatory."

The trial court granted summary judgment, concluding that the flood plain ordinances were properly adopted and were not in any way unconstitutional, arbitrary or capricious. We will deal with the two claims made in Fortier's complaint ad seriatim.

## NOTICE

Fortier claims his due process rights were violated because he did not receive personal notice of the proposed changes in the zoning ordinances that affected his property rights.

SDCL Chapter 11–6 provides the procedure a city or municipality must follow in adopting a comprehensive zoning plan. Prior to adoption of the plan by the city council, the planning commission must give notice and hold a public hearing. SDCL 11–6–17. Following a hearing, the plan is recommended to the city council for approval. Before the city council may vote on the recommended plan, SDCL 11–6–18 provides the city must give notice and hold

a hearing according to the requirements of SDCL 11–6–17.

If the council adopts the comprehensive zoning plan, a summary of the action is published in the official newspaper of the city. SDCL 11–6–18.2. A municipality must follow a similar course of conduct when adopting changes to the zoning plan.

Fortier makes no claim that Spearfish violated the relevant state statutes for notice and hearing requirements. Instead, Fortier argues that due process requires more "adequate notice," than that dictated by statute.

Fortier relies on *Matter of South Dakota Water Management Board,* 351 N.W.2d 119 (S.D.1984) and *Application of Koch Exploration Co.,* 387 N.W.2d 530 (S.D. 1986) for the position that personal notice is required. Fortier's reliance on these cases is misplaced.

In *Matter of South Dakota Water Management Board, supra,* landowners contended they were entitled to personal notice for an administrative hearing. At the hearing, the Water Management Board considered an application for a permit to appropriate water from Oahe Reservoir. The court held notice by publication was sufficient for this hearing. The court in *Application of Koch, supra,* reviewed the findings of the Board of Minerals and Environment which approved the unitization of a portion of an oil field. Two affected landowners contended they were entitled to personal notice. The court found it unnecessary to address the notice issue since these landowners had appeared before the board and participated at the hearing.

Both of these cases contain dicta from *Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In *Mullane,* the United States Supreme Court held that notice by publication is constitutionally insufficient in matters affecting private property where the owners of the property are known or should be known. This holding was confined to specific facts, and in reaching it, the court employed a balancing test. The court held that personal notice was required to notify the beneficiaries of a trust when their names and addresses were readily ascertainable. In determining the type of constitutionally sufficient notice, the court balanced the interests of the state and the individual interests sought to be protected by Fourteenth Amendment. The United States Supreme Court recently restated this test when it held, "The focus is on the reasonableness of the balance, and, as *Mullane* itself made clear, whether a particular method of notice is reasonable depends upon the particular circumstances." *Tulsa Professional Collection Services v. Pope,* 485 U.S. ——, 108 S.Ct. 1340, 1344, 99 L.Ed.2d 565, 575 (1988).

We hold that notice by publication is adequate and affords due process for proposed enactments or changes in the zoning ordinances that affected Fortier. Our holding comports with decisions in other state courts. *Tillery v. Meadows Const. Co.,* 284 Ark. 241, 681 S.W.2d 330 (1984); *DeKalb County v. Pine Hills Civic Club,* 254 Ga. 20, 326 S.E.2d 214 (1985); *F.P. Plaza, Inc. v. Waite,* 230 Ga. 161, 196 S.E.2d 141 (1973).

Public hearings for zoning enactments differ considerably from the cases where the United States Supreme Court has held notice by publication is insufficient. The cases where the court has held personal notice necessary involved small numbers of people—the beneficiaries of a trust, *Mullane, supra;* lienholders of property, *Mennonite Board of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983); and creditors of an estate, *Tulsa Professional Collection Services, Inc., supra.* In contrast, the enactment of a flood control ordinance involves a larger number of people, in this case, an entire community.

A more important consideration is the nature of the right affected. For proposed zoning enactments, citizens have the right to appear before a municipal body, voice their views and participate in the decision making process. Notice by publication serves to sufficiently inform those who desire to appear before a zoning hearing.

## THE CONSTITUTIONALITY OF THE FLOOD CONTROL ORDINANCE

■ It is well settled in this state that any legislative enactment, including a zon-

ing law, is presumed reasonable, valid and constitutional. *State Theatre Co. v. Smith,* 276 N.W.2d 259 (S.D.1979). A presumption of validity also applies to zoning ordinances enacted by municipalities. *City of Colton v. Corbly,* 323 N.W.2d 138 (S.D. 1982). This court will uphold a law unless it is unmistakably unconstitutional. *State Theatre Co., supra; Matter of D.T.,* 89 S.D. 590, 237 N.W.2d 166 (1975).

■ A party, such as Fortier, who attacks the validity of a zoning ordinance carries the burden of overcoming the ordinance's presumption of validity and must show the ordinance is unreasonable and arbitrary. *City of Colton, supra.* The enactment of a flood control ordinance is a valid function of municipal government. Spearfish, as is true of any other municipality in South Dakota, is empowered to enact ordinances to "... promote the health, safety, morals, and general welfare of the community...." SDCL 9–29–1. Spearfish's flood control ordinance follows this purpose. Flood Control Ordinance No. 488 § 1.2 (Revised) made two findings of fact supporting its adoption:

(1) The flood hazard areas of Spearfish are subject to periodic inundations which results [sic] in loss of life and property, health and safety hazards, disruption of commerce and governmental services, extraordinary public expenditures for flood protection and relief and impairment of the tax base, all of which adversely affect the public health, safety and general welfare.

(2) These flood losses are caused by the cumulative effect of obstruction in areas of special flood hazards which increase flood heights and velocities, and when inadequately anchored, damage uses in other areas. Uses that are inadequately floodproofed, elevated or otherwise protected from flood damage also contribute to the flood loss.

In effectuating the purposes of the ordinance, Spearfish has not acted arbitrarily

* SDCL 15–6–5(d) excludes trial briefs from the original of all papers to be filed. The trial briefs were erroneously included in the record submitted to this court. Clerks of court and presiding judges should take such action as may

and capriciously. The ordinance limits construction in flood plain districts to protect any future construction from increasing potential flood hazards. The protection of the public health, safety, and general welfare of a community is a legitimate municipal function. Fortier has failed to allege any facts supporting his claim that the ordinance is arbitrary, capricious and unconstitutional. Consequently, Fortier fails to meet his burden of proof under *City of Colton, supra. See also* E. McQuillan, 8A McQuillan Municipal Corporations § 25.295 (3d ed., 1986).

### INVERSE CONDEMNATION

A third issue, inverse condemnation, has crept into these proceedings. In its memorandum opinion the trial court pointed out, "Although this issue is not plead in the plaintiff's proceeding, this issue was raised in the brief [*] of the plaintiff, and will be addressed by the court."

■ Since this issue was not framed in the pleading and was not addressed by the affidavits in support of or resistance to the motion for summary judgment, we do not believe the issue was properly before the trial court. Therefore, we will treat the issue as not being properly before us, and we decline to rule on the merits of the trial court's decision on this issue.

We affirm the trial court's summary judgment that notice by publication was constitutionally valid and that the flood control ordinance is constitutional.

WUEST, C.J., and MORGAN and MILLER, JJ., concur.

SABERS, J., concurs in result in part and dissents in part.

HEEGE, Circuit Judge, for HENDERSON, J., disqualified.

SABERS, Justice (concurring in result in part and dissenting in part).

I concur in the result on Issue 1 concerning notice. On Issue 2—the constitutionali-

be necessary to insure that trial briefs are not filed with the clerks of court nor included in the records maintained in the clerk of courts' offices.

ty of the flood control ordinance, I agree that Fortier has failed to show any facts establishing the unconstitutionality of the ordinance. However, I would not hold that the flood control ordinance is constitutional in all aspects because those aspects have not been thoroughly considered in this case. 82 Am.Jur.2d *Zoning and Planning* § 16 (1976).

On Issue 3 concerning inverse condemnation, I would reverse and remand for further proceedings or vacate the trial court ruling. My concern is this. If the rule concerning res judicata bars all matters tried and those that could have been tried, then, if left intact, the trial court ruling would prevent a subsequent inverse condemnation action if we simply decline to reach this issue in this case. Therefore, we should reverse the trial court's ruling that there was no inverse condemnation and remand for determination based on evidence and damages, if any, or vacate that portion of said ruling entirely.