2000 SD 62

**Garry SCHRANK, Appellant,**

v.

**PENNINGTON COUNTY BOARD OF COMMISSIONERS and Roy Alexander d/b/a Alexander Drilling, Appellees.**

**No. 21049.**

Supreme Court of South Dakota.

Argued Jan. 12, 2000.

Decided May 10, 2000.

Rehearing Denied June 19, 2000.

Terry L. Hofer and Gregory J. Erlandson of Bangs, McCullen, Butler, Foye & Simmons, Rapids City, South Dakota, Attorneys for appellant.

Joseph R. Lux of Costello, Porter, Hill, Heisterkamp, Bushnell & Carpenter, Rapid City, South Dakota, Attorneys for appellee Alexander Drilling.

TUCKER, Circuit Judge.

[¶ 1.] Pennington County Board of County Commissioners (County) amended its zoning ordinance to add well drilling businesses to the list of conditional uses which may be allowed in Highway Service (HS) districts. Alexander Drilling (Alexander) obtained a conditional use permit to operate a well drilling business adjacent to Gary Schrank's (Schrank) campground. Schrank appeals from an order granting the conditional use permit. We affirm.

## FACTS

[¶ 2.] In *Schrank v. Pennington County Board of Commissioners*, 1998 SD 108, 584 N.W.2d 680, (*Schrank I*) this Court held that County did not act lawfully when it granted Alexander a conditional use permit to operate a well drilling business under the then existing zoning ordinance. While *Schrank I* was pending before this Court, County amended the zoning ordinance. The amendment to the zoning ordinance added, "Well drilling businesses and accessory exterior equipment and ma-

terial storage," to the list of conditional uses that the County may approve.[1] Following this amendment of the zoning ordinance, Alexander reapplied for a conditional use permit for his well drilling business. County approved the conditional use permit on April 13, 1998.

[¶ 3.] The trial court affirmed County's decision. Schrank appeals raising the following issues [2]:

> Is the amendment to the Pennington County Zoning Ordinance which adds well drilling businesses to the uses that may be granted a conditional use permit in Highway Service Districts lawful?

> Does the amended ordinance constitute illegal spot zoning?

## STANDARD OF REVIEW

[¶ 4.] This Court reviews the circuit court's findings of fact for clear error and its legal conclusions de novo. *Conditional Use Permit Granted to Van Zanten*, 1999 SD 79, ¶ 8, 598 N.W.2d 861, 863 (quoting *Tri County Landfill v. Brule County*, 535 N.W.2d 760, 763 (S.D.1995). A zoning law is a legislative act representing a legislative determination and judgment, and like all legislative enactments a zoning law is presumed to be reasonable, valid and constitutional. *City of Brookings v. Winker*, 1996 SD 129, ¶ 4, 554 N.W.2d 827, 829; *State Theatre Co. v. Smith*, 276 N.W.2d 259, 263 (S.D.1979)(overruled on other grounds by *Cary v. City of Rapid City*, 559 N.W.2d 891 (S.D.1997)). The burden of overcoming this presumption is on the party chal-

lenging the zoning ordinance's legitimacy and that party must show the ordinance is unreasonable and arbitrary. *Id.; City of Colton v. Corbly*, 323 N.W.2d 138 (S.D. 1982) (citing *State Theatre* and *Tillo v. City of Sioux Falls*, 82 S.D. 411, 147 N.W.2d 128 (1966)).

## DECISION

[¶ 5.] **The amendment to the Pennington County Zoning Ordinance adding well drilling businesses to the uses that may be granted a conditional use permit in Highway Service Districts is lawful.**

[¶ 6.] Once a zoning ordinance has been properly enacted it is given a strong presumption of legitimacy.[3] *See City of Colton v. Corbly*, 323 N.W.2d at 139; *State Theatre*, 276 N.W.2d at 263; *Tillo*, 82 S.D. at 415, 147 N.W.2d at 130. Schrank has the burden to show that Commission's enactment of the well drilling amendment to the zoning ordinance is unreasonable and arbitrary. "One assailing the validity of a zoning ordinance has the burden of overcoming this presumption of validity and must show that the ordinance is unreasonable and arbitrary." *City of Colton v. Corbly*, 323 N.W.2d at 139; *State Theatre*, 276 N.W.2d at 263; *Tillo*, 82 S.D. at 415, 147 N.W.2d at 130. "Consequently, a zoning law will be upheld if it is fairly debatable." *State Theatre*, 276 N.W.2d at 263.

[¶ 7.] The amendment in question in this case is one that is "fairly debatable." *Id.* In *Schrank I*, 1998 SD at ¶ 24,

---

1. The language of Section 210, subsection C, which became effective December 23, 1997, reads as follows:

   The following uses are illustrative of those which the Board may approve. Other uses may be allowed provided they are not found to be contrary to intended uses of the district under consideration. 1. Golf driving ranges; 2. Drive-in theaters; 3. Racetracks; 4. Other highway oriented businesses which are not listed but which the Commission may determine meet the intent of the highway service district. This shall not be construed to include the general commercial

   activities which more appropriately fit the general commercial district; 5. Well drilling businesses and accessory exterior equipment and material storage.

2. Schrank also raised the issue of the trial court's refusal to include the record from *Schrank I* in its determination of this case. Schrank waived this issue during oral argument.

3. Schrank does not dispute that the amendment was properly enacted.

584 N.W.2d at 683, the well drilling business of Alexander did not fit the general intent of the HS district. However, that did not mean County was precluded from changing or clarifying its intent on a later date. This Court stated in *Tillo:*

"While stability and regularity are undoubtedly essential to the operation of zoning plans, zoning is by no means static. Changed or changing conditions call for changed plans, and persons who own property in a particular zone or use district enjoy no eternally vested right to that classification if the public interest demands otherwise. Accordingly, the power of a village to amend its basic zoning ordinance in such a way as reasonably to promote the general welfare cannot be questioned. Just as clearly, decision as to how a community shall be zoned or rezoned, as to how various properties shall be classified or reclassified, rests with the local legislative body; its judgment and determination will be conclusive, beyond interference from the courts, unless shown to be arbitrary."

*Tillo,* 82 S.D. at 415, 147 N.W.2d at 130 (quoting *Rodgers v. Village of Tarrytown,* 302 N.Y. 115, 96 N.E.2d 731). When a county commission performs the function of amending a zoning ordinance it is acting in a legislative capacity. This Court will not replace its judgment for the judgment of county commissioners legally elected in Pennington County unless their decision is shown to be unreasonable and arbitrary. *Id.*

[¶ 8.] It is constructive to look at the other uses specified for conditional use permit consideration in the zoning ordinance. All three of the other specific uses mentioned have the potential to affect neighboring landowners. Specifically, racetracks would create a large amount of noise and dust for at least a few hours every week. This noise would be concentrated on summer weekends, which coincides with a campground's busiest time. Drive-in theaters have the potential to create noise problems late into the night.

Driving ranges can create dust and errant golf shots may become a problem for neighboring landowners. In these respects, the activities conducted by a well drilling business may not have the same or as severe an impact on neighboring landowners as other potential specified uses, but the degree of impact is "fairly debatable." *State Theatre,* 276 N.W.2d at 263. The potential for other enumerated uses to have a similar impact on neighboring landowners weighs in favor of the reasonableness of the amendment.

[¶ 9.] Commission amended the ordinance in a clear and concise way. It was properly enacted under statute. Schrank has failed to establish that the amendment is unreasonable or arbitrary.

[¶ 10.] **The amendment to the Pennington County Zoning Ordinance does not constitute "spot zoning."**

[¶ 11.] Schrank argues that the amendment constitutes spot zoning. Spot zoning is what "results when a zoning ordinance creates a small island of property with restrictions on its use different from those imposed on the surrounding property." *Kane v. City Council of Cedar Rapids,* 537 N.W.2d 718, 723 (Iowa 1995). The amendment to the zoning ordinance applies in every HS district in Pennington County and as such cannot be termed "spot zoning."

[¶ 12.] The order of the trial court is affirmed.

[¶ 13.] MILLER, Chief Justice, and AMUNDSON, KONENKAMP and GILBERTSON, Justices, concur.

[¶ 14.] TUCKER, Circuit Judge, for SABERS, Justice, disqualified.